# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-407


**DILLON GRAY, ET AL.**

**VERSUS**

**STATE FARM MUTUAL AUTO. INS. CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 18-C-5369-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHARON DARVILLE WILSON
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and Sharon Darville Wilson, Judges.

**AFFIRMED.**


**Stacey Moak**
**Breann Crane**
**Christopher W. Stidham**
**P. O. Box 77651**
**Baton Rouge, LA 70879-7651**
**(225) 751-6300**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Office of Risk Management**

**Kenny L. Oliver**
**David O. Way**
**Marjorie B. Breaux**
**P. O. Box 82447**
**Lafayette, LA 70598-2447**
**(337) 988-3500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State Farm Mutual Automobile Insurance Company**

**John C. Turnage**
**Mayer, Smith & Roberts**
**1550 Creswell**
**Shreveport, LA 71101**
**(318) 222-2135**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Hackbarth Delivery Service, Inc.**

**Blaine James Barrilleaux**
**Attorney at Law**
**330 Settlers Trace Blvd, Suite B**
**Lafayette, LA 70508**
**(337) 406-8759**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Dillon Gray, obo Katrina Gray (deceased's husband)**
     **Brian Porche, Sr., obo Brian Porche, Jr. (deceased's minor child)**
     **Christopher Mathews, obo K Mathews (deceased's minor child)**
     **Sabrina Cormier, obo Kailie Romine (deceased's minor child)**

**David F. Rutledge**
**Attorney at Law**
**330 Settlers Trace Blvd., Suite A**
**Lafayette, LA 70508**
**(337) 484-1529**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Dillon Gray obo Katrina Gray (deceased's husband)**
     **Brian Porche,Sr.obo Brian Porche, Jr. (deceased's minor child)**
     **Christopher Mathews obo K Mathews (deceased's minor child)**
     **Sabrina Cormier obo Kailie Romine (deceased's minor child)**

**WILSON, Judge.**

The State of Louisiana, through the Office of Risk Management (ORM), appeals the judgment of the trial court denying its motion to quash a subpoena duces tecum in a tort suit, in which the state is not a party, involving a motor vehicle accident in St. Landry Parish. The trial court ordered that ORM produce the requested accident reconstruction report and that the parties enter into a reasonable Protective Order and Confidentiality Agreement limiting disclosure of the document. For the following reasons, we affirm.

## I.

## ISSUES

We must decide:

(1)    whether the trial court committed legal error in holding that the anticipation of litigation privilege provided pursuant to La.Code Civ.P. art. 1424 does not apply to the accident reconstruction report prepared and maintained on behalf of ORM , a nonparty; and

(2)    whether the trial court committed legal error in holding that the accident reconstruction report prepared and maintained on behalf of ORM is not protected from discovery pursuant to 23 U.S.C. § 409.

## II.

## FACTS AND PROCEDURAL HISTORY

This action arises out of a December 2017 automobile accident in St. Landry Parish involving Katrina Romine Gray and Carter Michael Berry. Mrs. Gray was driving north on Interstate 49 in a 1999 Chevrolet Express Van owned by Bryan K. Rose. Mrs. Gray lost control of the vehicle, flipped, and entered the

frontage road, where the van collided with a UPS truck being operated by Mr. Berry. Michael Jones was a passenger in the UPS truck. Mrs. Gray and Mr. Jones both died from their injuries.

The present suit was brought by Dillon Gray, husband of the deceased Mrs. Gray, along with Bryan Porche, Sr., Christopher Matthews, and Sabrina Cormier, the fathers and guardians of Mrs. Gray's minor children (collectively "Plaintiffs"). Plaintiffs named Mr. Rose, the van's owner, and his insurer, State Farm Mutual Automobile Insurance Company (State Farm), as defendants. They alleged that Mr. Rose, as the vehicle's owner, failed to properly maintain the Chevrolet van which caused the accident.

In March 2020, State Farm filed a Notice of Records Deposition For (Subpoena Duces Tecum) directed to ORM seeking production of the following documents:

> All documents, writings, and electronically stored information created by the Louisiana State Police and its agents, representatives or employees, for an accident that occurred on December 8, 2017, on Interstate 49, St. Landry Parish, Louisiana, involving Katrina M. Romine and Carter Michael Berry. This request is specifically seeking, but not limited to, a certified copy of any and all accident reconstruction reports prepared by and/or created by the Louisiana State Police- Troop I, concerning case No. 18Z1208PITTM. (photographs are not requested at this time).

ORM was served with the subpoena duces tecum in April 2020 and filed a Motion to Quash and for Protective Order on April 30, 2020. Plaintiffs did not oppose this subpoena.

A hearing on ORM's motion was held on June 5, 2020. ORM asserted that the accident reconstruction report was prepared as a part of an intra-agency agreement between ORM and Louisiana State Police (LSP) in anticipation

2

of litigation and prepared as the result of information gathered as part of a national highway safety program. As such, ORM argued that the information was privileged pursuant to the deliberative process, work-product, and anticipation of litigation privileges under La.Code. Civ.P. art 1424 and 23 U.S.C. § 409.

In opposition to the motion, State Farm argued that the work-product privilege created by La.Code. Civ.P. art 1424 applies only in favor of an adverse party and that the accident reconstruction report was not compiled or collected for a purpose listed in 23 U.S.C. § 409.

The trial court ruled that State Farm was entitled to the reconstruction report. Finding that ORM was not an adverse party, the trial court denied the Motion to Quash, ordered ORM to produce the requested documents, and ordered that the parties enter into a Protective Order and Confidentiality Agreement to limit disclosure of the document. ORM took this suspensive appeal.

## III.

## STANDARD OF REVIEW

It is well established that trial courts are afforded broad discretion when regulating pre-trial discovery, which will not be disturbed absent a clear abuse of discretion. *Moak v. Illinois Cent. R. Co.*, 631 So.2d 401, 406 (La. 1/14/1994). "Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the de novo standard of review." *Louisiana Mun. Ass'n v. State,* 04-227, p. 35 (La. 1/19/05), 893 So.2d 809, 836.

## IV.

## LAW AND DISCUSSION

**Work Product/Anticipation of Litigation Privilege**

3

In its first assignment of error, ORM asserts that the trial court erred in holding that the anticipation of litigation privilege provided by La.Code. Civ.P. art 1424 does not apply to the accident reconstruction maintained by ORM, a nonparty. We disagree.

The scope of discovery is set forth in La.Code Civ.P. art 1422, which provides:

> Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
>
> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Our courts have held that the scope of discovery is broad and that privileges, which are in derogation of the broad exchange of facts, are to be construed strictly. *Gauthreaux v. Frank*, 95–1033 (La.6/16/95), 656 So.2d 634; *Smith v. Lincoln Gen'l Hosp.*, 605 So.2d 1347 (La.1992). Furthermore, the party seeking to avoid discovery of documents bears the burden of proving that an exception applies. *Ogea v. Jacobs*, 344 So.2d 953 (La.1977).

The work-product privilege is provided for in La.Code Civ.P. art. 1424, which provides (emphasis added):

> A.  The court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by *the adverse party, his attorney, surety, indemnitor, or agent* in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. Except as otherwise provided in Article 1425(E)(1), the court shall not order the production or inspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney.

"The words of a law must be given their generally prevailing meaning." La.Civ.Code art 11.

The wording of La.Code Civ.P. art. 1424 plainly states that the privilege only applies to an "adverse party, his attorney, surety, indemnitor, or agent."  ORM goes to great lengths to convince this court that the accident reconstruction report was prepared in anticipation of litigation.  That fact is not disputed.  However, at no point does ORM show itself to be an adverse party in this litigation, or any litigation related to the underlying accident.  By their own admission, ORM is a nonparty, and this fact is not changed by simply filing a motion in the action.

In a similar case, the second circuit addressed the applicability of the work-product privilege to a nonparty.  *Naik v. United Rentals, Inc.*, 50,193, (La.App. 2 Cir. 11/18/15), 182 So.3d 223, *writ denied*, 15-2272 (La. 2/5/16), 186 So.3d 1168.  In *Naik*, the plaintiff in an automobile accident suit filed for a subpoena duces tecum seeking an accident reconstruction report from ORM.  As in the instant case, ORM was a nonparty and filed a Motion to Quash the subpoena.

The trial court denied the motion and ordered production of the reconstruction report. On appeal, the court held,

> We find no legal error in the district court's reading of Art. 1424. By its precise terms, this privilege applies to writings prepared by *an adverse party*. ORM has not shown that it is an adverse party. In light of the broad scope of discovery, the strict construction of privileges, and the burden of proof owed by the entity seeking to avoid discovery, we find that Art. 1424 does not provide a work-product, or anticipation of litigation, privilege for ORM in this case.

*Id.* at 226-27. We also find no legal error in the district court's finding, and hold that the privilege provided under La.Code Civ.P. art. 1424 does not apply to ORM, a nonparty.

**Protection under 23 U.S.C. § 409**

In its second assignment of error, ORM asserts that the trial court erred by holding that the accident reconstruction report was not protected from discovery pursuant to 23 U.S.C. § 409. We disagree.

23 U.S.C. § 409 provides,

> Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

The purpose of enacting 23 U.S.C. § 409 was to "encourage active evaluation of highway and railway safety hazards," and "prohibit the use of

federally required record-keeping from being used as a tool in private litigation." *Palacios v. Louisiana & Delta R.R. Inc.*, 98-2932, p. 6 (La. 7/2/99), 740 So.2d 95, 98. After reviewing the record, we find that ORM failed to show that the requested accident reconstruction report was compiled or collected for the purpose of highway safety as required under the statute.

At the hearing on the motion, ORM submitted evidence showing that the Department of Transportation and Development (DOTD) had entered into a cooperative agreement with the National Highway Traffic Safety Administration (NHSTA) by which DOTD collects data of fatal traffic collisions for the Fatality Analysis Reporting System (FARS) in exchange for federal funding.

DOTD Assistant Highway Safety Administrator, Charles Jesclard, III, testified that under FARS, police in the state are required to produce a fatal accident and serious injury notification form after fatal accidents, and these forms are sent to DOTD and ORM as early notification. DOTD then uses this information to address potential safety issues and begin a FARS case.

ORM contends that since the incident reports which lead to the accident reconstruction reports are prepared pursuant to 23 U.S.C. § 148, for the purpose of identifying, evaluating, and planning safety improvements on public roads, the reports are protected from discovery under 23 U.S.C. § 409. Richard LeJeune, a Road Hazard Supervisor for ORM, testified that DOTD shares the FARS notification with ORM, and they use that information to determine if they want to order a reconstruction. However, this reconstruction is a separate collection of data completed under the order of ORM. Therefore, ORM must show that it was collected or compiled for highway safety purposes as required under the statute.

ORM failed to submit any evidence that the reconstruction was completed for the necessary purposes. The only reason ORM gives for conducting the reconstruction is that it was prepared in anticipation of litigation, a purpose unrelated to the highway safety program. Mr. Lejeune testified that ORM has "no other good reason for compiling this data than litigation." He further testified that ORM does not even review reconstructions again until suit is filed. Additionally, Mr. Jesclard testified that DOTD "has nothing to do with the reconstruction report," and the reconstruction has no impact on the FARS program. Although the reconstruction stems from the notification which ORM receives under the FARS program, there were no allegations that FARS data is used in the reconstruction report itself. Rather, the FARS data is used solely as a notification that a fatal accident has occurred and ORM decides if it wants to take further action in anticipation of litigation. The reconstruction is neither required or used by DOTD, nor is it paid for using federal highway safety funds. Consequently, we find that ORM failed to show that the requested accident reconstruction report is protected under 23 U.S.C. § 409. We find no legal error in the district court's ruling.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed in the amount of $2,103.80 to the Office of Risk Management.

**AFFIRMED.**