On December 8, 1983, relator, Federal Deposit Insurance Corporation, sued respondents on a promissory note. Respondents reconvened alleging the FDIC failed to act when stock, pledged to secure the note, reached its optimum value thereby causing a loss to them on the pledged securities.
Respondents filed a request for production of documents. Relator responded by producing certain documents, and withholding others claiming either an attorney-client and/or a work product privilege.
After a hearing and an in camera inspection of the withheld documents, the trial court ordered the production of all documents prepared prior to December 8, 1983 (the date suit was filed). Relator seeks review of that interlocutory order.
We granted certiorari to review the sole issue of whether the trial court was correct in selecting the date of filing of the suit as an appropriate guideline in determining the merits of the claimed privileges asserted by relator.
La.Code of Civil Procedure Article 1422 provides, in part, that a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the action.
Writings which are prepared in anticipation of litigation by the adverse party, his attorney, surety, indemnity, expert or agent are immune from discovery. However, if the trial court is satisfied that denial of production or inspection will unfairly prejudice the party seeking production or will cause him undue hardship or injustice, production may be ordered. La. (7.(7. Art. 1424 This Court has noted that Article 1424 contemplates the following inquiry:
“(1) Were the times sought to be discovered obtained or prepared in anticipation of litigation?; if so, (2) will the party seeking production be unfairly prejudiced or subjected to undue hardship or injustice by the denial? The burden on the first inquiry rests with the party holding the statements. If carried, the burden to prove prejudice, hardship or injustice shifts to the party seeking production.” Smith v. Travelers Ins. Co., 418 So.2d 689 (La.App. 4th Cir.1982) at 691, reversed on other grounds 430 So.2d 55 (La.1983), and the cases cited therein.
Attorney-client privilege protects confidential communications.
“It’s purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer’s being fully informed by the client. Upjohn Co. v. United States.” 449 U.S. 383, 101 S.Ct. 677 at 682, 66 L.Ed.2d 584 (1981).
Article 1424 also protects from discovery those writings which reflect the mental impressions, conclusions, opinions or theories of an-attorney or an expert. This “opinion works product doctrine” privilege has been held to be broader than the attorney-client privilege. In Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 125 (La. 1983), at 131-132, our Supreme Court said:
*743 “Whereas the attorney-client privilege protects only confidential communications, the opinion work product doctrine may encompass any writing prepared in anticipation of litigation, (citations omitted) The purpose of the work product doctrine is not merely to assist the client in obtaining complete legal advice, but also to afford the attorney a ‘zone of privacy’ within which he is free to evaluate and prepare his case without adversarial scrutiny.” (citations omitted)
We hold that the trial court was in error in using the date suit was filed as a cut-off date in determining which documents are protected from discovery. We find no authority in the Code of Civil Procedure or the jurisprudence to support the trial court’s determination. It is not the date or the time of the document which controls, but rather the content, nature and purpose thereof. Sonier v. Louisiana Power & Light Co., 272 So.2d 32 (La.App. 1st Cir. 1973).
We therefore set aside the trial court’s judgment, and order the trial court to make a determination of which documents are discoverable consistent with the views expressed herein.
REVERSED AND REMANDED.