798 So.2d 1210 (2001)
Alan CACAMO, Individually and on Behalf of All Others Similarly Situated
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY.
Nos. 99-CA-1903, 99-C-1421.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 2001.
*1212 Patrick W. Pendley, Stanley P. Baudin, Patrick W. Pendley, A.P.L.C., Plaquemine, LA, Andre P. LaPlace, and Paul H. Due, Donald W. Price, Baton Rouge, LA, Counsel for Plaintiff/Appellant.
Larry M. Roedel, Brent J. Bourgeois, Carlton Jones, III, Roedel, Parsons, Koch, Frost, Balhoff & McCollister, Baton Rouge, LA, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judges PATRICIA RIVET MURRAY, TERRI F. LOVE.
LOVE, Judge.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Alan Cacamo, Edith Porobil, and Monique Poirrier, each filed a class action lawsuit against Liberty Mutual, Allstate, and Progressive, respectively. The plaintiffs' petitions alleged that each one of the defendant insurers violated section 22:627 of the Louisiana Revised Statutes[1] by requiring their policyholders to pay fees, installment charges, and other consideration, in addition to the regular monthly premiums. The plaintiffs argued in their petitions that these additional charges were not disclosed to them when they initially executed their respective insurance policies. Each plaintiff sought reimbursement for damages, declaratory relief, and all payments made in contravention of section 22:627.
On July 1, 1998, each of the defendants filed Declinatory Exceptions of Improper Venue and Dilatory Exceptions of Prematurity. On September 4, 1998, the trial court overruled the exceptions, and from that judgment, each insurer took a suspensive appeal.
While the appeal was pending in this Court, the plaintiffs requested the production of certain documents held by Liberty Mutual. In response to the request, Liberty Mutual produced several documents but failed to produce other requested documents, claiming that the documents were subject to either the work-product rule or the attorney-client privilege. A privilege log was generated by Liberty Mutual and the trial court ordered an in camera inspection of the documents.
The trial court appointed a Special Master to review the allegedly privileged documents and to issue a report on his findings. On February 22, 1999, the Special Master issued his report, recommending that selected documents be produced to the plaintiffs. Both parties filed Objections to the Special Master's report, and the trial court heard oral arguments on the objections on April 23, 1999. Three days later, the trial court denied both parties' objections and adopted the Special Master's recommendation.
In May 1999, Liberty Mutual filed a writ application and a Motion for Appeal, challenging *1213 the trial court's jurisdiction to rule on the plaintiffs' Motion for Production of Documents. The appeal was assigned for argument in January of 2000. Likewise, the plaintiff, Alan Cacamo, filed a writ application, challenging the trial court's adoption of the Special Master's report.
On November 10, 1999, this Court reversed the trial court's September 4, 1998 denial of the defendants' venue exceptions and remanded the cases to the trial court for transfer to parishes of proper venue. Cacamo v. Liberty Mutual Fire Insurance Company, 99-0047 (La.App. 4 Cir. 11/10/99), 746 So.2d 793. The plaintiffs applied for writs to the Louisiana Supreme Court.
Based on the ruling that the trial court was not a court of proper venue, this Court dismissed Liberty Mutual's May 1999 writ application and Alan Cacamo's writ application. Mr. Cacamo applied for writs to the Supreme Court, arguing that if the Supreme Court resolved the venue issue in his favor, the trial court's judgment on the Motion for Production of Documents should be modified in his favor.
On January 20, 2000, the parties filed a joint Motion to Stay all proceedings, pending the Supreme Court's decision on the venue issue, and the Motion was granted. On June 30, 2000, the Supreme Court ruled that venue was proper and remanded the matter to the trial court for further proceedings. Cacamo v. Liberty Mutual Fire Insurance Company, 99-3479 (La.6/30/00), 764 So.2d 41. On September 15, 2000, the Supreme Court granted Mr. Cacamo's writ challenging the trial court's April 26, 1999 judgment on the Motion for Production and remanded the matter to this Court to decide the merits of Mr. Cacamo's argument. Cacamo v. Liberty Mutual Fire Insurance Company, XXXX-XXXX (La.9/15/00), 767 So.2d 700.
Consequently, there are two issues now before this court: (1) Mr. Cacamo's writ, challenging the trial court's April 26, 1999 judgment on the Motion for Production and (2) Liberty Mutual's May 1999 appeal, which challenges the same judgment. Liberty Mutual's appeal of an interlocutory judgment on a discovery matter is converted to a supervisory writ and will be considered under this Court's supervisory jurisdiction.[2]

DISCUSSION

WORK PRODUCT PRIVILEGE
Mr. Cacamo and Liberty Mutual challenge the trial court's adoption of the Special Master's report. In its appeal, Liberty Mutual argues that the Special Master recommended the production of several Liberty Mutual documents that are protected by work product privilege. In his reply brief and writ application, Mr. Cacamo argues that the district court erred in denying him discovery of alleged privileged documents. Specifically, Mr. Cacamo asserts that the work product privilege does not apply to the documents in this case because the documents were not prepared in anticipation of this litigation. Mr. Cacamo also argues that the plaintiffs will be unfairly prejudiced by denial of their discovery request because the documents *1214 date as far back as the 1940's, and the plaintiffs otherwise cannot obtain the information contained in the documents.
Louisiana trial courts have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. See Moak v. Illinois Central R. Co., 93-0783 (La.1/14/94), 631 So.2d 401, 406, modified on other grounds, Wolford v. JoEllen Smith Psychiatric Hosp., 96-2460, pp. 5-6 (La.5/20/97), 693 So.2d 1164, 1167-68.
Louisiana's work product rule states that a court shall not order the production of a document prepared by an adverse party in anticipation of litigation or trial unless the denial of production will unfairly prejudice the party seeking production. LA.CODE CIV. PROC. ANN. art. 1424. Under no circumstances should a court order the production of documents reflecting the "mental impressions, conclusions, opinions, or theories of an attorney or an expert." Id. Only documents and evidence obtained in anticipation of litigation or trial are covered by the work-product doctrine. See Board of Com'rs of New Orleans Exhibition Hall Authority v. Missouri Pacific R. Co., 613 So.2d 174 (La.App. 4 Cir.1992).
Article 1424 requires a two-fold inquiry for determining if documents are protected by the privilege: (1) Were the articles obtained or prepared in anticipation of litigation or trial? and (2) Will the party seeking production be unfairly prejudiced, subject to undue hardship, or subject to injustice by denial of the discovery? See Smith v. Travelers Ins. Co., 418 So.2d 689 (La.App. 4 Cir.1982), rev'd on other grounds, 430 So.2d 55 (La.1983). To determine if the work-product privilege applies, a court should consider the content, nature, and purpose of a document, not the date or time that the document was prepared. See Federal Deposit Ins. Corp. v. Butler, 488 So.2d 741, 743 (La.App. 4 Cir. 1986).
The party seeking to avoid discovery of documents bears the burden of proving that the documents were prepared or obtained in anticipation of litigation. See Ogea v. Jacobs, 344 So.2d 953 (La. 1977).
Liberty Mutual asserts work product privilege, as well as attorney-client privilege, for every document listed on the privilege log. Mr. Cacamo argues that these documents, particularly those dating back to the 1940's, could not have been prepared in preparation for this litigation; therefore, the work product privilege does not apply. This Court has not found any case law and Mr. Cacamo has not directed this Court to any case law stating that the documents must have been prepared in anticipation of this litigation. Article 1424 requires that documents be prepared in anticipation of trial or litigation, but the article does not require that documents be prepared in anticipation of the litigation in which the documents are being requested.
Although the Special Master stated that "[t]here is serious question here if any of the documents pertain to a specific lawsuit in the past," the Special Master concluded that the most important question in this case is whether Mr. Cacamo would be unfairly prejudiced by the denial of the discovery request. The issues raised in Mr. Cacamo's petition did not arise in other cases until 1996. According to the Special Master's report, however, Liberty Mutual sought legal opinions from its "Home Office Legal" department as far back as June 14, 1949. The date that the documents were prepared should not be considered. The documents may not have been prepared in anticipation of this litigation, but the legal opinions contained in the documents suggest that the documents *1215 were prepared in anticipation of a trial or litigation. Liberty Mutual has met its burden of proving that the documents were prepared in anticipation of litigation.
Once the party from whom discovery is sought establishes that the documents were obtained or prepared in anticipation of litigation, the party seeking the discovery must prove two facts: (1) that he or she has a substantial need for the materials in preparation of the case and (2) that he or she is unable to obtain a substantial equivalent of the materials by other means without undue hardship. See Ogea, 344 So.2d 953. The party seeking discovery must show the importance of the requested information to the preparation of his case, and the difficulty he will face in obtaining substantially equivalent information from other sources if production is denied. See State, Department of Transportation and Development v. Stumpf 458 So.2d 448,452-53 (La.1984) (citing Moore's Federal Practice, Par. 26-362). To meet this burden, Mr. Cacamo argues that he will be unfairly prejudiced by the denial of the discovery request. Mr. Cacamo alleges that, because some of the Liberty Mutual documents date back to the 1940's, no other means exist to find the information contained in the documents. Liberty Mutual, on the other hand, argues that the plaintiffs failed to meet their burden of proving undue hardship or prejudice with regard to any of the documents on the privilege log, even the documents that the trial court granted.
The trial court denied the plaintiffs' request for fifteen documents listed on the privilege log. According to the Special Master's report, all fifteen of these documents contain legal opinions. A court may not order the production of documents reflecting legal opinions even if denial of the documents will cause the requesting party undue hardship or prejudice. See LA.CODE CIV. PROC. ANN. art. 1424. In spite of the age of these documents, or any undue prejudice or hardship suffered by the plaintiffs, the trial court did not abuse its discretion in denying Mr. Cacamo's request for these documents.
The trial court also granted Mr. Cacamo's request for fifteen documents listed on the privilege log, based on the Special Master's determination that the possibility of discovering relevant material contained in these documents is almost non-existent. Mr. Cacamo presented evidence that the plaintiffs will be unable to find substantially equivalent information from other sources if production is denied. The record shows no evidence of the importance of the requested documents to the preparation of Mr. Cacamo's case, which is required under Ogea and Stumpf, supra. However, discovery is permitted if the information is reasonably calculated to lead to the discovery of admissible evidence. The lower court has greater familiarity with the plaintiff's allegations and legal theories and has apparently determined that the plaintiff has substantial need for the information. Although Liberty Mutual has proved that the documents were prepared in anticipation of litigation, Mr. Cacamo has met his burden of proving undue hardship if the documents are denied. Therefore, we find that the trial court did not abuse its discretion in granting Mr. Cacamo's request for fifteen documents on the privilege log.

ATTORNEY-CLIENT PRIVILEGE
Liberty Mutual also claims that all the documents listed on the privilege log are also protected under article 506 of the Louisiana Code of Evidence,[3] *1216 the attorney-client privilege. Under Louisiana law, the party seeking to assert attorney-client privilege has the burden of proving that the privilege applies. See Conoco, Inc. v. Boh Bros. Constr. Co., 191 F.R.D. 107, 116 (W.D.La.1998) (quoting Pitard v. Stillwater Transfer & Storage, 589 So.2d 1127, 1131 (La.App. 4 Cir.1991) (Ward, J., dissenting)). The work product privilege is distinct from and broader than the attorney-client privilege. See Stevens v. Hartford Ins. Co., 94-523 (La.App. 3 Cir. 11/2/94), 646 So.2d 981, 988.
To establish attorney-client privilege, several elements must be proven: (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or his subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived. See In Re Shell Oil Refinery, 812 F.Supp. 658, 661 (E.D.La.1993). The party asserting privilege must adequately substantiate the claim and cannot rely on a blanket assertion of privilege. See id.
Liberty Mutual relies upon Swidler & Berlin v. United States, 524 U.S. 399, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998), for the proposition that the attorney-client privilege should extend beyond the termination of the lawsuit for which the documents were prepared. In opposition, Mr. Cacamo argues that the attorney-client privilege does not apply because it is unclear whether the documents were prepared to facilitate the rendition of legal services to Liberty Mutual; therefore the fourth requirement set forth in Shell is not satisfied.
We find that Mr. Cacamo is correct in that the attorney-client privilege does not apply to these documents. Liberty Mutual does not set forth any evidence that the attorney-client privilege applies to these documents. The only evidence that Liberty Mutual produces was a privilege log, which states that the documents are protected by the attorney-client privilege. However, a mere statement that the privilege applies does not satisfy Liberty Mutual's burden of proof. Although we can infer from the privilege log and Special Master's report that several documents from the "Home Office Legal" expressed legal opinions; this still does not establish that the attorney-client privilege is applicable.
Therefore, we find that Liberty Mutual has not established that the attorney-client privilege protects the documents.

TRIAL COURT'S JURISDICTION TO DECIDE PRIVILEGE
In its appeal, Liberty Mutual argues that the trial court lacked jurisdiction to rule on this motion to produce documents. Liberty Mutual's challenge to the trial court's jurisdiction over discovery during the pendency of the venue appeal was rendered moot by the Supreme Court's determination that venue was proper in Orleans Parish. Accordingly, we pretermit any discussion of that issue.

CONCLUSION
For the foregoing reasons, the trial court's judgment requiring Liberty Mutual to produce documents is affirmed; the trial court's judgment denying the plaintiff, Alan Cacamo's, request for production of other Liberty Mutual documents is affirmed; and the stay order is vacated.
*1217 AFFIRMED; STAY ORDER VACATED.
NOTES
[1] LA.REV.STAT. ANN. § 22:627(A): "The premium quoted by the insurer shall be a specific dollar amount which shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement thereof...."
[2] It appears that Liberty Mutual did not challenge the dismissal of its writ application because this appeal remained pending to protects its rights. Because this court was found to have been wrong in dismissing both parties' applications, we have concluded that the interests of justice are best served by a consideration of Liberty Mutual's arguments, asserted in both its writ application and appellate briefs, in conjunction with the Supreme Court's remand of Mr. Cacamo's writ. Unsatisfactory discovery rulings cannot be appealed, therefore we are converting Liberty Mutual's appeal to a supervisory writ to promote interests of justice.
[3] Article 506(B) of the Louisiana Code of Evidence provides that "[a] client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client...."