MOORE, J.
hThe State of Louisiana, Office of Risk Management (“ORM”), appeals a judgment ordering it to comply with a subpoena duces tecum- and produce, in a tort suit in which the state is not a party, an accident reconstruction report involving a two-truck collision in De Soto Parish. For the reasons expressed, we affirm.

Procedural Background

The plaintiff, Naik, was driving a Ryder box truck on Hwy. 84 in De Soto Parish in December 2011. The defendant, Anthony, was coming the other way on Hwy. 84, driving an 18-wheeler hauling a flatbed trailer. A boom lift was loaded on the trailer. According to Naik, Anthony lost control of his rig, veered across the center line and- then jackknifed, causing the trailer to crash into the front of Naik’s Ryder. The impact knocked the boom lift off the trailer and onto the cab of the Ryder, essentially crushing Naik and his passenger, Latcha.
Naik filed this suit, in Caddo Parish, against Anthony, his employer, United Rentals/RSC, and their insurer, Liberty Mutual.[1] Naik did -not ñame the state as a defendant,' and the defendants have not third-partied the state.
The case is still in the discovery phase. In September 2014, Naik filed a “Notice of Art. 1354 Records Deposition and Subpoena Duces Tecum” on ORM, seeking production of
All documents, writings and electronically stored information created by the Louisiana State Police and its agents, representatives or employees, for an accident that occurred on December 8, 2011, on U.S. Highway 84 * * ⅞ involw ing Ramanand Naik, Norman D. Latcha and Nathaniel Anthony. This request is specifically seeking, but not limited to, all ^accident reconstruction reports created by the Louisiana State Police which involve the above referenced accident.
The defendants did not oppose this subpoena.
ORM, however, did not attend the records deposition or produce the report. Naik filed a motion to compel discovery; ORM responded with a motion to quash the subpoena and for a protective order. ORM asserted several grounds: (1) the work-product privilege, La. C.C.P. art. 1424; (2) the “deliberative process privilege”[2]; and (3) the Federal-aid highway fund privilege, 23 U.S.C. § 409.
Naik responded that" under Art. 1424, the work-product privilege applied only in favor of an adverse party; since the state was not adverse to the plaintiff or any defendant, the privilege did not apply. He also contended that the deliberative process privilege and Federal-aid highway fund privilege were inapplicable.[3]

*225
Action in the District Court

At a hearing in November 2014, ORM introduced a copy of its interagency agreement with Louisiana State Police, whereby ORM retains state troopers qualified and trained in accident reconstruction to make an independent analysis of certain motor vehicle accidents occurring on state highways. ORM called its Road Hazard Section supervisor, Richard LeJeune, who testified that ORM selects which accidents will be reconstructed; the report is made independently of any other report or Revaluation of the accident by law enforcement; and the report is used “to properly prepare a case for litigation should it go to litigation.” Mr. LeJeune had never seen this report and did not know if it identified a highway safety issue. Another witness, Lt. Steve Robinson, testified that he also had not read the report, and Trooper Allen VanHoef, who wrote it, testified only that it was totally different from the traffic crash report. 'Counsel for ORM, however, advised the court that there was “no mention of a roadway defect in the report.”
The court ruled from the bench' that neither the state nor any of its subdivisions was a party, and that if the report had found any defect in the road, it “might well be privileged because it would be in anticipation of litigation perhaps but they didn’t find anything.” Further, the court found no showing that the state “will ever be brought in as a defendant, original defendant or third-party defendant,” the purpose of the trial was to “get to the truth of what happened[,]” and the state “has information that may be helpful.” Finding that neither the work-product privilege nor any other privilege, applied, the court ordered production.
The court rendered judgment granting Naik’s motion to compel and denying ORM’s motion to quash. The court also signed an agreed motion and protective order designating the report as confidential. ORM took this suspensive appeal.[4]
| ¿Discussion
By its .sole assignment of error, ORM urges the court committed legal error in holding that the “anticipation of litigation” privilege of Art. 1424 did not apply to. the accident reconstruction report prepared and maintained ■ on behalf of ORM, a nonparty. It argues that under Art. 1424, there is a twofold inquiry to determine whether documents are protected by the privilege: (1) were the articles obtained or prepared in anticipation of litigation or trial, and (2) will the party, seeking the production be unfairly prejudiced, subject to undue hardship, ior subject to injustice by denial of the discovery? In support, ORM cites Cacamo v. Liberty Mutual Fire Ins. Co., 1999-1421 (La.App. 4 Cir. 10/10/01), 798 So.2d 1210, writ denied, 2001-2985 (La.1/25/02), 807 So.2d 844: “The article does not require’ that documents be prepared in anticipation of the litigation in which the documents are being requested.” Id. at 6, 798 So.2d at 1214. Similarly, Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022 (La.App. 3 Cir.1986), held, “It is not the time or date of the document which' controls whether it was prepared in anticipation of litigation, *226 but rather the content, nature; and purpose thereof.” ORM cites Mr. LeJeune’s testimony that the main reason for the report is “the preservation of evidence in anticipation of litigation[,]” together with litigation delays and repair work to roads. It concedes that Cacamo and Juneau involved party litigants, but argues the distinction is immaterial: To allow only parties to use the privilege would “eviscerate the protection the privilege affords” and permit litigants to go on “unlimited fishing expeditions in search of otherwise protected information and then bring those ‘non-parties’ into the litigation should they find 1 ^something.” ORM also contends that Naik offered no evidence of undue hardship; using the crash report, ORM suggests, Naik could hire his own expert reconstruction expert. It asks this court to reverse the order to compel and grant the motion to quash.
The scope of discovery is set forth in La. C.C.P. art. 1422:
Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the .trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
The courts have uniformly held that the scope of discovery is broad and that privileges, which are in derogation of such broad exchange of facts, are to be strictly interpreted. Gauthreaux v. Frank, 95-1033 (La.6/16/95), 656 So.2d 634; Smith v. Lincoln Gen’l Hosp., 605 So.2d 1347 (La.1992); Goza v. Parish of W. Baton Rouge, supra.
The work-product privilege is expressed in La. C.C.P. art. 1424 A, with emphasis added:
The court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation .or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship-or injustice. Except as otherwise provided in Article 1425(E)(1), the court shall not order the, production or | (jinspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney.
The party seeking to avoid discovery of documents on the ground that they were prepared or obtained in anticipation of litigation or in preparation for trial bears the burden of proving that the exception applies. Ogea v. Jacobs, 344 So.2d 953 (La.1977); Cacamo v. Liberty Mutual, supra; Johnson v. Mike Anderson’s Seafood Inc., 2013-9379 (La.App. 4 Cir. 6/11/14), 144 So.3d 125, writ denied, 2014-1459 (La.10/10/14), 151 So.3d 586.
We find no legal error in the district court’s reading of Art. 1424. By its precise terms, this privilege applies to writ *227 ings prepared by an adverse party. ORM has not shown that it is an adverse party. In light of the broad scope of discovery, the strict construction of privileges, and the burden of proof - owed by the entity seeking to avoid discovery, we find that Art. 1424 does not provide a work-product, or anticipation of litigation, privilege for ORM in this case. We particularly note that Cacamo and Juneau involved, as ORM has conceded, .adverse parties seeking to avoid discovery. This distinction makes these cases inapposite to the'instant case. . . . .
We acknowledge Mr. LeJeune’s testimony that ORM’s report would be used to “properly prepare a case for litigation should it go to litigation,” but the inter-agency agreement offered in evidence does not mention litigation. It states that all reports “shall remain the property of the ORM” and ‘ must be returned to ORM at the expiration of the ¡agreement, but does not state that such reports are in any other way privileged. Attached to the | ^interagency agreement is a “Cooperative Agreement” between the National Highway Traffic Safety Administration and Louisiana DOTD, stating that the purpose of the reconstructions is “collect and enter data” into a national database to support the “goal of standardization of fatal crash data from state to state.” The cooperative agreement further states that although DOTD is prohibited from disclosing data contained in the database, it may release its own records (called “background records”) “in accordance with its own State laws and policies.” ORM has shown nothing in state law or policy that would subject the accident reconstruction report to a privilege.[5]
We also note Trooper VerHoefs testimony that he collected much more evidence, and more accurate measurements, than the crash report. • The- court did not abuse its discretion in finding that this is “information that may be helpful” and thus subject to the general scope of discovery under Art. 1422. Finally, Naik signed, and the district court- approved, an agreed motion and protective order designating the report- as confidential and--restricting its disclosure to designated persons- involved in the litigation. This appears to serve ORM’s interest in a private and confidential review of its materials. Copeland v. Copeland, 2007-0177 (La.10/16/07), 966 So.2d 1040. We perceive no abuse of the district court’s discretion.

Decree

For the reasons expressed, the judgment is affirmed. Costs are not assessed, as this is not a suit against the state or any political subdivision thereof. La. R.S. 13:5112 A.
AFFIRMED.

. Latcha filed a separate suit against the same defendants.

. Louisiana Dept. of Ins. v. Theriot, 2010-0069 (La.App. 1 Cir. 5/3/11), 64 So.3d 854, writ denied, 2011-1139 (La.9/30/11), 71 So.3d 286.

. Kyle v. Louisiana Public Serv. Comm'n, 2003-0584 (La.App. 1 Cir. 4/2/04), 878 So.2d 650; Goza v. Parish of W. Baton Rouge, 2008- *225 0086 (La.App. 1 Cir. 5/5/09), 21 So.3d 320, writ denied, 2009-2146 (La.12/11/09), 23 So.3d 919, cert. denied, 560 U.S. 904, 130 S.Ct. 3277, 176 L.Ed.2d 1184 (2010).

.- A ruling on discovery is usually considered interlocutory and not appealable, but is deemed final if it involves a nonparty who would be dismissed if discovery were quashed. Haygood v. Dies, 48,485 (La.App. 2 Cir. 11/20/13), 127 So.3d 1008, writ denied, 2013-2955 (La.2/28/14), 134 So.3d 1177.

. By contrast, “rap sheets” and other records of the Louisiana Bureau of Criminal Identification and Information are expressly subject ■ to privilege. La. C.C.P. art. 1422.1.