| GEORGE HAMILTON | * | NO. 2022-CA-0106 |
| --- | --- | --- |
| **VERSUS** | * | **COURT OF APPEAL** |
| **NATIONAL UNION FIRE INSURANCE COMPANY, CARL J. BIGGERS, ALLSTATE INSURANCE COMPANY, SHEDRICK WARREN AND WAL-MART TRANSPORTATION, L.L.C.** | * <br> * <br> * <br> * | **FOURTH CIRCUIT** <br><br> **STATE OF LOUISIANA** |

* * * * * * *

| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| --- | --- |
| **SHEDRICK WARREN AND DANIEL SMITH** | **NO. 2022-CA-0107** |
| **VERSUS** | |
| **NATIONAL UNION FIRE INSURANCE COMPANY, WAL-MART TRANSPORTATION, INC., CARL J. BIGGERS AND ALLSTATE INSURANCE COMPANY** | |

*TFL*

**LOVE, C. J., CONCURS**

I respectfully concur. I write separately to emphasize that the issues of which Plaintiffs seek review essentially emanate from the authority of a trial court to control pre-trial proceedings. *See Vigne v. Cooper Air Freight Services*, 2021-0205 (La. App. 4 Cir. 5/12/21), 321 So.3d 440, 444, recognizing that "pre-trial procedures are set in place to avoid surprises and allow orderly disposition of the case." In accord with that precept, the trial judge is given broad discretion at trial to determine compliance with pre-trial matters, absent an abuse of discretion. *Id.*, pp. 7-8, 321 So.3d at 444.

Plaintiffs specifically seek review of the trial court's judgment on two issues: (1) procedurally, whether National Fire Insurance Company, Carl Biggers and Walmart Transportation, LLC ("Walmart'), the defendants herein, had legal

standing to file and argue a Motion to Quash and Protective Order on behalf of non-parties, Claims Bureau USA, Inc. ("Claims Bureau") and Wayne Winkler ("Mr. Winkler"), and (2) substantively, whether the trial court erred in granting a Motion to Quash and Protective Order on behalf of Walmart's non-party experts, Claims Bureau and Mr. Winkler.

The judgment herein provided the following:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Quash Notice of Records Only Deposition Issued to Claims Bureau USA, Inc., and Request for Protective Order is **GRANTED**;

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendants' Motion to Quash Notice of Records Only Deposition Issued to Wayne Winkler and Request for Protective Order is **GRANTED**;

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Plaintiffs' Motion for Contempt and to Compel Production of Subpoena Duces Tecum Issued to Wayne Winkler and Claims Bureau USA as [sic] Well Request for Sanctions and Attorney Fees is **DENIED**; and

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that non-party Wayne Winkler's Motion to Quash and Alternatively, for Protective Order is **GRANTED**.

As to plaintiffs' first procedural argument regarding Walmart's legal standing to argue a motion to quash and seek a protective order on behalf of non-parties, Mr. Winkler and Claims Bureau, the record establishes that this error is moot. At trial, Mr. Winkler retained counsel who argued on his behalf at the hearing on the motions. On appeal, Mr. Winkler's counsel has filed a separate opposition brief on his behalf before this Court. With reference to Claims Bureau, the hearing transcript shows that Amy DiMambro, a representative of Claims Bureau, filed objections to Plaintiffs' subpoena duces tecum, adopted Walmart's motion to quash and request for protective order, and extended authority to Walmart to argue on her behalf. Notwithstanding that Mr. Winkler retained separate counsel to argue the motion to quash and the request for a protective order on his own behalf and Claims Bureau

effectively granted Walmart authority to act on its behalf, Walmart had standing to contest the subpoena duces tecum. As noted by Walmart, many of the items sought by Plaintiffs' subpoena to its expert witness, Mr. Winkler, went beyond what is allowed by La. C.C.P. art. 1425(B)[1] and Plaintiffs' subpoena request to Claim Bureau sought documents created in anticipation of litigation and/or were privileged. Therefore, I agree with Walmart that as a direct party to this litigation, it had standing to attempt to limit the scope of Plaintiffs' subpoenas to its expert, Mr. Winker and to Claims Bureau, its investigator.[2]   Accordingly, I find this assigned error lacks merit.

Plaintiffs' second argument that the trial court erred in granting motions to quash and a protective order on behalf of Claims Bureau and Mr. Winkler also is without merit. As referenced herein, our jurisprudence is well-established that a trial court has broad discretion in regulating pre-trial discovery and that discretion will not be disturbed absent a clear showing of abuse. *See Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-1421, p. 4 (La. App. 4 Cir. 10/10/01), 798 So. 2d 1210, 1214. A trial court also has the inherent authority to control its docket and maintain case management. *See Elysian, Inc. v. Neal Auction Company, Inc.*, 2020-0674, p. 17

---

[1] La. C.C.P. art. 1425(B) provides the following:

> Upon contradictory motion of any party or on the court's own motion, an order may be entered requiring that each party that has retained or specially employed a person to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony provide a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor and the data or other information considered by the witness in forming the opinions. The parties, upon agreement, or if ordered by the court, shall include in the report any or all of the following: exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

[2] *See Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citation omitted).

(La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1087. As provided in La. C.C.P. art. 1631(A), "[t]he court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is served." Accordingly, the trial court's decisions in exercising control over trial and pre-trial proceedings will only be set aside when there has been an abuse of that discretion. *See Elysian*, 2020-0674, p.17, 325 So.3d at 1087.

In the instant matter, the record indicates that the trial court considered that Plaintiffs submitted discovery demands beyond the trial court's deadline to complete discovery; that Plaintiffs failed to respond to efforts by the non-parties, in particular, Mr. Winkler, to comply with Plaintiffs' subpoena duces tecum; and that the information requested by Plaintiffs' subpoena duces tecum was overly broad and burdensome. Under the circumstances, the trial court did not clearly abuse its discretion and was within its authority to grant the motions to quash and the protective orders filed by Walmart on behalf of Claims Bureau and Mr. Winkler.

Accordingly, I concur in the result reached.