IN RE:  MEDICAL REVIEW     *       NO. 2024-C-0791
PANEL PROCEEDINGS OF
TRAVIS PORCHE (D); PCF     *
FILE NO. 2021-00615           COURT OF APPEAL

                         *

                           FOURTH CIRCUIT

                         *

                           STATE OF LOUISIANA

                 * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-02412, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

***DYSART, J., CONCURS IN RESULT***
***HERMAN, J., CONCURS IN RESULT***


Bryan J. Knight
Mark E. Kaufman
NILES, BOURQUE, & KNIGHT
201 St. Charles Ave., Suite 3700
New Orleans, LA 70170

       COUNSEL FOR RELATOR/DEFENDANT

David A. Abramson
Beth E. Abramson
LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC
601 Poydras St., Suite 2615
New Orleans, LA  70130

       COUNSEL FOR RESPONDENT/PLAINTIFF


                **WRIT GRANTED IN PART;**
                **JUDGMENT AMENDED; WRIT**
                **DENIED IN PART AS AMENDED**
                     **MAY 30, 2025**

SCJ This writ application arises from a medical malpractice action filed by Plaintiff, Pamela Porche ("Ms. Porche"), against Relator—Nurse Practitioner Sydney Burchfield ("NP Burchfield")—Dr. Eric Brooks ("Dr. Brooks"), and Ochsner Leonard J. Chabert Medical Center ("LJCMC"), arising out of the death of Ms. Porche's thirty-five year-old son, Travis Porche ("Travis"). NP Burchfield seeks supervisory writ review of the district court's November 13, 2024 judgment. The judgment ordered NP Burchfield to produce certain documents pursuant to the trial court's *in camera* inspection and NP Burchfield's "privilege log" communications sent to the trial court. For the reasons that follow, we grant the writ in part, amend the judgment, and deny the writ in part as amended.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Porche transported Travis to LJCMC's emergency room on January 18, 2021, "for back pain radiating down his legs causing lower leg weakness, and a third recheck of his lungs due to previous pneumonia." Ms. Porche represents that NP Burchfield cared for Travis under the supervision of her husband, Dr. Brooks. Travis allegedly became agitated and wanted to leave because of improper

treatment. Rather than allowing her son to leave, Ms. Porche claims that NP Burchfield and/or Dr. Brooks ordered that Travis be restrained and sedated. Multiple security guards and staff members restrained Travis. Ms. Porche is of the belief that the medications administered to Travis caused cardiac arrest which triggered anoxic brain injury, and ultimately, resulted in his death.

Ms. Porche filed a Request for Medical Review Panel on August 9, 2021, contending that NP Burchfield, Dr. Brooks, and LJCMC deviated from the standard of care in their treatment and care of Travis. To facilitate discovery, Ms. Porche filed a Petition to Institute Discovery, which was lodged in the district court on March 21, 2022.

Prior to the present matter, this Court reviewed a related discovery dispute pertinent to the issues raised herein in *In re Porche*, 2022-0707 (La. App. 4 Cir. 12/8/22), 353 So.3d 382 ("*Porche I*"). The relevant facts summarized in *Porche I*, provided the following:

> On April 4, 2022, [Plaintiff] filed a Request for Subpoena Duces Tecum ("SDT") and Notice of Deposition for Records Only for SLMA [South Louisiana Medical Associates], then the current or immediately former employer of Dr. Brooks and Ms. Burchfield. The SDT and Notice of Deposition for Records Only requested production of documents pertaining to the internal investigation or review of Ms. Burchfield and Dr. Brooks as it pertains to Travis Porche and his treatment; written or recorded statements obtained with respect to the treatment provided by Dr. Brooks and Ms. Burchfield to Travis Porche; disciplinary records, complaints, and internal reviews associated with Dr. Brooks and Ms. Burchfield; and the entire personnel file of Dr. Brooks and Ms. Burchfield.
>
> On April 27, 2022, Dr. Brooks and Ms. Burchfield filed a Motion for Protective Order, or In the Alternative, an Order Limiting the Scope of Discovery, arguing that the scope of the request was overly broad and intrusive as to privacy interests because the matter is in the medical review panel stage and because personnel files are primarily used for impeachment purposes. Further, they argued the records sought by [Plaintiff] are subject to the peer review privilege

set forth in La. R.S. 13:3715.3[] and not subject to disclosure. SLMA filed a similar Motion on April 29, 2022.

[Plaintiff] filed an opposition to [the] Motions on September 8, 2022. [Plaintiff] complained that [Dr. Brooks, Ms. Burchfield and SLMA] have not identified any documents sought to be produced, which they believe are subject to any privilege, and instead have argued a blanket privilege without identifying specifically those documents to which any privilege attaches. Consequently, [Plaintiff] maintained that [Dr. Brooks, Ms. Burchfield and SLMA] should be compelled to prepare and produce a privilege log of those documents for an *in camera* inspection by the district court to determine whether the asserted peer review privilege applies to shield the withheld document.

By judgment signed on September 26, 2022, the district court granted [Dr. Brooks, Ms. Burchfield and SLMA's] Motions and issued an order protecting from discovery the documents sought by [Plaintiff] in her Notice of Deposition for Records Only and the STD issued to SLMA.

2022-0707, pp. 1-3, 353 So.3d at 383-84.

At issue in *Porche I* was the applicability of La. R.S. 13:3715.3, the peer review statute. The statute was "designed to protect the confidentiality of hospital peer review committee records." *See Gautreaux v. Frank*, 1995-1033, p. 1 (La. 6/16/95), 656 So.2d 634. Ms. Porche argued the district court erred in granting the Motions for Protective Order from NP Burchfield, Dr. Brooks, and SLMA without evidence that the requested documents passed before a peer review committee and without conducting an *in camera* inspection to determine if the documents were subject to the statute's peer review privilege. *Porche*, 2022-0707, p. 3, 353 So.3d at 384. Upon review, this Court granted Ms. Porche's writ application, vacated the judgment, and remanded to the district court for an *in camera* inspection to ascertain the applicability of the peer review privilege. *Porche*, 2022-0707, p. 5, 353 So.3d at 385.

After remand, Ms. Porche filed a motion to compel NP Burchfield, Dr. Brooks, and SLMA-the employer-to produce a "privilege log" which described the

3

nature of the documents over which they asserted a privilege. On May 12, 2023, the district court denied the motion to compel. However, the district court, in accordance with *Porche I*, ordered NP Burchfield, Dr. Brooks, and SLMA to produce the withheld documents for an *in camera* inspection.

Thereafter, NP Burchfield's counsel submitted the withheld documents to the district court. The submission included a cover letter to the court outlining the various privileges regarding the documents;[1] including Ms. Porche's March 30, 2022 Requests for Production responses and documents labeled Burchfield 9 through Burchfield 90.

After the submissions, Ms. Porche filed another motion to compel the production of the "cover letter" (hereinafter, "privilege log letter" or "privilege log communication"). Specifically, Ms. Porche argued the privilege log letter, submitted solely to the district court, amounted to an *ex parte* communication. Ms. Porche emphasized that NP Burchfield's counsel made substantive arguments to support her privilege claims with respect to each document produced for the *in camera* inspection. Moreover, Ms. Porche highlighted that the privilege log letter was not submitted pursuant to an order. Therefore, she claimed all counsel should have access as the intended purpose of the privilege log letter was to improperly influence the district court's decision-making during the *in camera* inspection process.

The district court conducted a hearing on Ms. Porche's motion to compel. It subsequently issued a "Judgment and Reasons" on October 11, 2024, outlining the documents to be produced and the documents designated as privileged pursuant to the court's *in camera* inspection. The parties expressed concern regarding the

---

[1] Attorneys for Dr. Brooks also submitted a "privilege log" letter to the trial court.

scope of the October 11, 2024 judgment; and on November 13, 2024, the district court issued a "clarifying judgment." The judgment provided, in part, that

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:
>
> Sydney Burchfield, NP is to produce to Claimant those documents turned over to the Court for *in camera* inspection that are bates stamped 9-22;
>
> The remaining documents that were produced for *in camera* inspection by Sydney Burchfield, NP, are protected under the "peer review" statute, La. R.S. 13:3715.3, and are not discoverable;
>
> All documents that were produced for *in camera* inspection by Eric Brooks, M.D. are protected under the "peer review" statute La. R.S. 13: 3715.3 and are not discoverable.
>
> All documents that were produced for *in camera* inspection by South Louisiana Medical Associates are protected under the "peer review" statute, La. R.S. 13:3715.3 and are not discoverable.
>
> Counsel for Sydney Burchfield, NP is to reproduce his letter to the Court only of May 24, 2023, in the form of a pleading as a "privilege log," which he can file under seal with the Court, but which the Court is ordering be produced to Claimant;
>
> Counsel for Eric Brooks, M.D. is to reproduce her letter to the Court only of May 26, 2023, in the form of a pleading as a "privilege log," which she can file under seal with the Court, but which the Court is ordering be produced to Claimant;

Subsequent to the judgment, NP Burchfield timely filed notice of intent to seek review of the district court's judgment.[2]

### ASSIGNMENTS OF ERROR

NP Burchfield alleges the district court erred in the following respects: (1) ordering the production of bates stamped 9-22 documents (hereinafter, "narrative summary"); and (2) ordering the production of her counsel's privilege log letter.

---

[2] Ms. Porche (2024-C-0792) and Dr. Brooks (2024-C-0795) also filed writ applications arising out of the judgment.

**STANDARD OF REVIEW**

A trial court's regulation of pre-trial discovery is afforded broad discretion and will not be reversed by an appellate court in the absence of a clear abuse of discretion. *Hendricks v. Wells Fargo Ins.*, 2021-0109, p. 4-5 (La. App. 4 Cir. 10/27/21) ("*Hendricks I*"), 366 So.3d 376, 379 (citing *Channelside Services., LLC v. Chrysochoos Group, Inc.*, 2015-0064, p. 8 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 756) (citing *Sercovich v. Sercovich*, 2011-1780, p. 5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603)); *See also*, *Beasley v. Cannizzaro*, 2018-0520, p. 3 (La. App. 4 Cir. 11/21/18), 259 So.3d 633, 636, citing *Kimpton Hotel & Restaurant Group, Inc. v. Liberty Mut. Fire Ins. Co.*, 2007-1118, 2007-1209, 2007-1310, p. 7 (La. App. 4 Cir. 12/19/07), 974 So.2d 72, 77 ("reviewing the trial court's determination that materials are not privileged and protected by the work product doctrine under an abuse of discretion"). This standard of review "is highly deferential to the trial judge's determination under consideration," but "a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law." *Boudreaux v. Bollinger Shipyard*, 2015-1345, p. 16 (La. App. 4 Cir. 6/22/16), 197 So.3d 761, 771 (citations omitted). As such, if "an appellate court finds [that] the trial court made a reversible error of law, it is required, whenever the state of the record on appeal so allows, to redetermine the facts *de novo* from the entire record and render a judgment on the merits." *Green v. Canal Ins. Co.*, 2022-0384, p. 4 (La. App. 4 Cir. 11/14/22), 352 So.3d 99, 102 (citing *Hendricks v. Wells Fargo Ins.*, 2021-0552, p. 4 La. App. 4 Cir. 3/9/22, 336 So.3d 643, 646 ("*Hendricks II*"), quoting *Laboriel-Pitio v. Latiker*, p. 15 (La. App. 4 Cir. 6/16/21), 323 So.3d 929, 938) (citations omitted).

Established jurisprudence provides that discovery statutes are to be liberally and broadly construed to achieve their intended objectives. *Stolzle v. Safety & Systems Assur. Consultants, Inc.*, 2002-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289, citing *Hodges v. Southern Farm Bureau Cas. Ins. Co.,* 433 So.2d 125 (La. 1983). During the discovery process, parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…" La. C.C.P. art. 1422. "La. Code of Evidence article 401 defines 'Relevant evidence' as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Qurashi v. Rosenow*, 2022-0424, p. 8 (La. App. 4 Cir. 12/29/22), 367 So.3d 730, 735, quoting La. C.E. art. 401. "The discoverability test under La. C.C.P. art. 1422, entails first asking whether answering the discovery is feasible and practicable. If that answer is in the affirmative, then the court determines whether an answer to the discovery would 'expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence.'" *Indus. Pipe, Inc. v. Plaquemines Par. Council*, 2012-1348, p. 8 (La. App. 4 Cir. 9/14/12), 100 So.3d 896, 901, citing *MTU of N. Am., Inc. v. Raven Marine, Inc.,* 475 So.2d 1063, 1067 (La.1985). Thus, "[t]he test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Cloud v. Gibson*, 2022-0316, p. 4 (La. App. 4 Cir. 7/6/22), 344 So.3d 253, 256, citing *Sercovich v.*

*Sercovich*, 2011-1780, pp. 4-5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603 (citation omitted).

## DISCUSSION

We begin our review with NP Burchfield's claim of attorney-client/work product privilege.

**Attorney-Client Privilege and Work Product Privilege**

NP Burchfield maintains the narrative summary produced to the trial court for *in camera* inspection, identified as bates stamped 9-22, is privileged, pursuant to the attorney-client privilege set forth in La. C.E. art. 506(B), and/or the work-product privilege enunciated in La. C.C.P. art. 1424(A). La. Code of Evidence art. 506(B), in pertinent part, provides:

> A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication, when the communication is:
>
> (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.

> Louisiana Code of Civil Procedure art. 1424(A) states the following:

> The court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. Except as otherwise provided in Article 1425(E)(1), the court shall not order the production or inspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney.

8

Under Louisiana law, the party who asserts the attorney-client privilege has the burden of proving that the privilege applies. *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-1421, p. 8 (La. App. 4 Cir. 10/10/01), 798 So.2d 1210, 1216 (citations omitted). The elements which must be proven to establish attorney-client privilege include: (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or his subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived. *Cacamo*, 1999-1421, p. 8, 798 So.2d at 1216 (citation omitted). "The party asserting privilege must adequately substantiate the claim and cannot rely on a blanket assertion of privilege." *Id.*

Likewise, the party who asserts the attorney work product privilege to avoid the discovery of documents bears the burden of proof to show the documents were prepared or obtained in anticipation of litigation. *Cacamo*, 1999-1421, p. 5, 798 So.2d at 1214 (citation omitted). Moreover, "Louisiana's work product rule states that a court shall not order the production of a document prepared by an adverse party in anticipation of litigation or trial unless the denial of production will unfairly prejudice the party seeking production." *Cacamo*, 1999-1421, p. 4, 798 So.2d at 1214, citing La. C.C.P. art. 1424. "Under no circumstances should a court order the production of documents reflecting the 'mental impressions, conclusions, opinions, or theories of an attorney or an expert.'" *Cacamo*, 1999-1421, pp. 4-5, 798 So.2d at 1214, quoting La. C.C.P. art. 1424. Louisiana Code of Civil Procedure art. 1424 provides a two-fold inquiry to determine if the documents are protected by the privilege, which includes: (1) were the articles obtained or

9

prepared in anticipation of litigation or trial?; and (2) will the party seeking production be unfairly prejudiced, subject to undue hardship, or subject to injustice by denial of the discovery? *Cacamo*, 1999-1421, p. 5, 798 So.2d at 1214, citing *Smith v. Travelers Ins. Co.,* 418 So.2d 689 (La. App. 4 Cir. 1982), *rev'd on other grounds,* 430 So.2d 55 (La. 1983). In determining if the privilege applies, "a court should consider the content, nature, and purpose of a document, not the date or time that the document was prepared." *Cacamo*, *supra*, citing *Federal Deposit Ins. Corp. v. Butler,* 488 So.2d 741, 743 (La. App. 4th Cir.1986).

In this matter, NP Burchfield represents the narrative summary was submitted to comply with the district court's order to produce documents responsive to Ms. Porche's requests for production of documents. She explains the narrative summary was prepared by her and provided to her attorney, with the expectation that it was "confidential, privileged, and could not be discovered." Additionally, NP Burchfield urges the narrative summary is subject to the work-product doctrine as it self-identifies a document made by her in anticipation of litigation. In further opposition, NP Burchfield argues the district court never made a finding that Ms. Porche would be unfairly prejudiced if the narrative summary was not produced.

We find merit to NP Burchfield's position that the narrative summary provided to her attorney was privileged and not discoverable. The Louisiana Supreme Court has opined that a plaintiff's letter to her attorneys is subject to the attorney-client privilege as set forth in La. C.E. art. 506 when the evidence failed to show the privilege had been waived. *See Watson v Spayde*, 2001-1955 (La. 3/8/02), 810 So.2d 1164. Correspondingly, the record herein supports NP

10

Burchfield's claim that the narrative summary was constructed to assist her attorney in responding to Ms. Porche's discovery demands. We also note the record is devoid of any evidence that NP Burchfield waived the attorney-client privilege so as to render the privilege inapplicable. Therefore, upon applying the two-prong test to determine the applicability of the attorney-client and work-product privileges, NP Burchfield's narrative summary document is non-discoverable and the district erred in ordering its production.

We now review NP Burchfield's claim that the trial court erred in ordering the production of the privilege log letter and finding the privilege log letter constituted an improper *ex parte* communication.

**Ex Parte Communications/ Privilege Log Letters**

NP Burchfield maintains her privilege log letter was sent to the district court in response to this Court's order in *Porche I* to produce for *in camera* inspection the documents allegedly protected by the peer review privilege.[3] She contends that inasmuch as different privileges were asserted, the privilege log letter was needed to clarify the privilege claimed as to each particular document. Further, she argues the privilege log letter is not discoverable as it contains information the November 13, 2024 judgment found was protected by the peer review statute.

In opposition, Ms. Porche reiterates there was no order compelling the production of the privilege log letter; and moreover, the letter contained inappropriate commentary on the merits of the case. Ms. Porche adds that the *ex parte* communication of the privilege log letters violates Louisiana Rules of

---

[3] Dr. Brooks also raises similar arguments contesting the production of his privilege log letter in his writ application, 2024-C-0795.

Professional Conduct, Canon 3A(6) of the Louisiana Code of Judicial Conduct, and Louisiana jurisprudence.

We agree with Ms. Porche that *ex parte* communication represented by the privilege log letter is impermissible as discussed below in "Louisiana Lawyering."

>…The ex parte rules prohibit communication with a judge outside the presence of or without notice to all parties about the case's substance or merits, or about procedural matters that could create a strategic or tactical advantage.
>
> ***
>
>Rule 3.5 of the attorneys' Rules of Professional Conduct prohibits ex parte communications with a judge "during the proceeding unless authorized to do so by law" and prohibits any activity, that "seeks to influence a judge … by means prohibited by law." Canon 3A(6) of the Code of Judicial Conduct prohibits a judge from engaging in ex parte communications designed to influence his or her judicial action. The Canon allows ex parte communication as permitted by law "and where circumstances require for scheduling, administrative matters or emergencies." In applying the professional conduct rule against attorneys, the Louisiana Supreme Court has held that the Code of Judicial Conduct has the force of law and that any ex parte attempt to influence a judge by an attorney, unless specifically permitted by law, is an attempt to "influence a judge by means prohibited by law."… Communications need not address the ultimate merits of the case to violate the ex parte rule; the courts have found violations from "communications concerning drafting errors, admissibility of certain evidence and attorney's fees."
>
> ***
>
>The ex parte rules apply to both written and oral communication. An attorney may not send and "a judge shall not knowingly accept in any case briefs, documents or written communications … unless the contents are promptly made known to all parties."
>
> ***

§ 20.1. Ex parte communications, 21 La. Civ. L. Treatise, Louisiana Lawyering § 20.1 (citations omitted).

In this matter, we find the privilege log letter's submission exclusively to the district court amounted to an *ex parte* substantive pleading, albeit in the form of correspondence. The letter advanced legal argument to support the documents

12

were not discoverable; and the necessary result of such argument was to influence the district court's determination as to whether the documents submitted for *in camera* inspection were privileged. Thus, we conclude NP Burchfield's privilege log letter to the district court constituted an improper *ex parte* communication.

Notwithstanding that the privilege log letter was an improper *ex parte* communication, NP Burchfield also iterates that the privilege log letter should not be produced because its production is contrary to the district court's judgment which her documents, with the exception of the narrative summary, were privileged. Moreover, she asserts that neither the district court nor the *Porche I* decision had expressly ordered the production of a privilege log. We find, however, these arguments are not persuasive. They contravene La. C.C.P. art. 1424(C) which requires the production of a privilege to other parties when the opposing party withholds documents, claiming a privilege as to otherwise discoverable documents.

Louisiana Code of Civil Procedure art. 1424(C), effective August 1, 2023, states:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, **the party shall make the claim expressly and shall prepare and send to the other parties a privilege log** that describes the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. (Emphasis added).

Although the article does not specifically state that the party claiming a privilege must prepare and send the other parties a privilege log prior to its amendment, the article still requires that the party claiming a privilege "shall make the claim expressly" and "shall describe the nature of the documents, communications, or

things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."[4]  Indeed, the article's recent amendment was made in accordance with this Court's opinion in *Cloud v. Gibson*, 2022-0316, (La. App. 4 Cir. 7/6/22), 344 So.3d 253.  In *Cloud*, this Court concluded that with reference to the production of privileged information, the party claiming a privilege had a mandatory duty to produce a privilege log.[5]  In ordering the production of the privilege log, *Cloud* reasoned that it is well-established that the use of the word 'shall' establishes a mandatory duty."  *Cloud*, *supra*, citing La. R.S. 1:3[6]; and *Hamilton v. Royal Int'l Petroleum Corp.*, 2005-0846, p. 11 (La. 2/22/06), 934 So.2d 25, 33.

In this matter, NP Burchfield clearly asserts a privilege as to certain documents.  Hence, in accordance with the precepts discussed in *Cloud*, she is required to produce a privilege log, "that describes the nature of the documents, communications, or things not produced or disclosed in a manner that, without

---

[4] La. C.C.P. art. 1424(C), effective August 15, 2007 to July 31, 2023, provided:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

[5] In *Cloud*, it was found that the trial court erred in not granting the discovery requests of the Relators (in that case) and ordering the production of any non-privileged relevant information prior to trial; and in not ordering the production of a privilege log.  *Cloud*, 2022-0316, p. 6, 344 So.3d at 257-258.

[6] La. R.S. 1:3 states:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

> The word "shall" is mandatory and the word "may" is permissive.

14

revealing information itself privileged or protected, will enable [the Plaintiff] to assess the applicability of the privilege or protection." *See* La. C.C.P. art. 1424(C). Therefore, we conclude the district court did not err in ordering NP Burchfield's counsel to reproduce his privilege log letter to the court and submit to Ms. Porche "in the form of a pleading as a 'privilege log.'"

Nevertheless, we recognize that La. C.C.P. art. 1424(C) qualifies the duty to produce the privilege log "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Consequently, we amend the district court's judgment to produce the privilege log letter in the form of a pleading and allow NP Burchfield to redact the privilege log pleading in a manner that enables Ms. Porche to assess the applicability of the privilege(s) asserted, without revealing privileged or protected information as per La. C.C.P. art. 1424(C).

## CONCLUSION

For the foregoing reasons, we grant NP Burchfield's writ application, in part, and find the district court erred in ordering the production of the narrative summary—Bates 9-22—as the summary is non-discoverable pursuant to the attorney-client privilege, La. C.E. art. 506(B), and the work-product privilege, La. C.C.P. art. 1424(A).

We deny, in part, NP Burchfield's writ application with respect to her claim that the district court erred in ordering the production of her privilege log letter "in the form of a pleading as a 'privilege log . . .'" However, in compliance with La. C.C.P. art. 1424(C), we amend the judgment and allow NP Burchfield to redact her privilege log letter in a manner that enables Ms. Porche to assess the applicability

15

of the privilege(s) asserted, without revealing any privileged or protected information.

We amend that part of the trial court's judgment that ordered the production of NP Burchfield's privilege log letter to add that the production be in accordance with the express provisions of La. C.C.P. art. 1424(C). As amended, we deny NP Burchfield's writ application with respect to her claim that the trial court erred in in ordering the production of the privilege log letter.

**WRIT GRANTED IN PART; JUDGMENT AMENDED; WRIT DENIED IN PART AS AMENDED**

16