JONES, Judge.
On application of plaintiffs, Tina M. May-erhafer, Ellen L. Williams, Mary Spencer, Sophia Rol and Kathleen Johnson, we grant this supervisory writ to review a judgment of the trial court granting a motion filed by the defendant, Catherine Roland to quash a subpoena duces tecum issued to the Louisiana Licensed Professional Counselors Board of Examiners (herein referred to as the licensing board).

STATEMENT OF THE CASE

The plaintiffs, all previous patients of the defendant, instituted the present action alleging that the defendant, a licensed professional counselor, violated numerous provisions of the Code of Professional Conduct and negligently rendered counseling services to them. Prior to filing the present action, the plaintiffs filed formal complaints against the defendant with the licensing board which is statutorily mandated to regulate licensed professional mental health counselors. See La.R.S. 37:1101 et seq. The plaintiffs’ petition for damages contains allegations which are similar and in many instances identical to those contained in the complaints made to the licensing board.
Defendant allegedly waived her right to a hearing before the licensing board and responded to plaintiffs’ allegations by a letter dated May 18, 1992. Subsequently, each of the plaintiffs received a copy of a letter of reprimand addressed to the defendant from the chairman of the licensing board. Plaintiffs, through their legal counsel, requested a clarification of the reprimand from the chair *288 man. More specifically, plaintiffs wanted to know why the letter of reprimand did not address the majority of allegations made against the defendant. The chairman of the licensing board informed plaintiffs counsel that:
“[d]ue to numerous factual disputes between the parties and knowing that the majority of the complaints pertained to the serious problems of ‘dual relationships’ the Board felt that a reprimand pertaining to the specific area was sufficient to put Dr. Roland on notice of this violation.... The Board’s silence as to a particular allegation by a party does not imply that the Board opined that there was no violation by Dr. Roland as to that issue.”
In response to the plaintiffs’ request for production of documents, the chairman stated that the Board’s records could be subpoenaed. However, he also informed counsel that the defendant would be notified of the subpoena and given an opportunity to oppose it.
Plaintiffs subsequently requested that a subpoena duces tecum be issued to the licensing board for all documentation concerning the allegations made by the plaintiffs, including the defendant’s letter to the board in which she responded to the plaintiffs’ allegations. Defendant filed a motion to quash the subpoena. Oral argument was heard on the motions and the district court ordered an in camera inspection of the requested documents. Subsequently, the parties appeared before the trial court and reurged their arguments. After hearing the arguments of counsel, the trial court granted the defendant’s motion to quash. Plaintiffs seek review and reversal of the trial court’s judgment quashing their subpoena duces tecum.

DISCUSSION AND LAW

Louisiana Code of Civil Procedure articles 1422-1425 define the scope of permissible discovery. La.C.C.P. article 1422 permits discovery of all matters, not privileged, which is relevant to the subject matter of the action. Hodges v. Southern Farm Bureau Casualty Ins. Co., 433 So.2d 125, 129 (La. 1983). It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Generally speaking, the party seeking an order to compel discovery has the burden of proving that the discovery sought is within the scope of La.C.C.P. article 1422. Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2nd Cir.1988). A trial court has brpad discretion in the handling of discovery matters. Laburre v. East Jefferson General Hospital, 555 So.2d 1381 (La.1990). However, in this case the trial court cited no jurisprudence to support its conclusion that the plaintiffs had failed to establish that the information which had been subpoenaed is not reasonably calculated to lead to the discovery of admissible evidence. For this reason, it appears that the trial court apparently accepted the defendant’s contention that pursuant to La.R.S. 13:3715.3 the licensing board was to be treated as a peer review committee and that the documents being sought were privileged. In ruling on the motion the trial judge verbally gave the following reasons for his ruling:
... I see it no different than a medical board where they sanction someone for hospital conduct or legal board where they take a lawyer and sanction the lawyer. I say none of that is discoverable for purposes of a damage tort suit, none of it. Otherwise, you destroy totally the ability of that board to hold an objective finding for something. Other than that, that’s going to be based upon what’s going to happen in the lawsuit. And so the only way those boards can function properly is with some secrecy and some ability that whatever is said is going to stay there and none of it is going to come back out to be fought in the courts.
By refusing to allow the plaintiffs to have access to the requested information, the trial judge ignored the jurisprudence which holds that discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Hodges, supra at 129. Further, the trial judge refused to recognized the well established principal of law that privileges, which are in derogation of the *289 broad scope of the discovery articles, are to be strictly interpreted. Smith v. Lincoln General Hospital 605 So.2d 1347 (La.1992).
The provisions of La.R.S. 13:3715.3 are clearly not applicable to this licensing board. Moreover, in reviewing the statutes establishing the licensing board for professional mental health counselors we have been unable to find any provision which expressly prohibits discovery of the documentation sought. La.R.S. 37:1110 governs the ability of the board to discipline anyone licensed under the act. Pursuant to La.R.S. 37:1110(0 disciplinary actions taken by the board are viewable under the provisions of the Louisiana Administrative Procedure Act, R.S. 49:950 et seq. and proceedings and evidence presented at hearings before the board may be admissible during appellate proceedings.
As the statute specifically provides that all evidence introduced at the disciplinary hearing may be admissible in appellate proceedings, the legislature has not established a privilege in favor of the board prohibiting the disclosure of such evidence. In fact, under La.R.S. 49:964 of the Administrative Procedure Act, when a party seeks judicial review of an agency’s decision, the entire record of the proceedings held before the agency is to be forwarded to the reviewing court.
In the subpoena duces tecum directed to the Louisiana Professional Counselors Board of Examiners, the plaintiffs seek to obtain the letter written by the defendant to the Board answering the plaintiffs’ complaints. This letter may lead to the discovery of admissible statements made by the defendant concerning her actions. The plaintiffs would certainly have the right to subpoena a copy of this letter from the defendant. The fact that the letter was sent to the board does not imbue the document with any cloak of confidentiality. If the defendant had requested a hearing, all testimony and evidence adduced at the hearing would have been admissible in an appellate review of the Board’s decision. However, the defendant waived her right to a hearing and responded to the plaintiffs’ allegations by letter. The fact that the defendant chose to waive the hearing does not preclude the plaintiffs from discovering the defendant’s responses to the allegations made. Thus, the plaintiffs are entitled to inspect the correspondence by the defendant to the licensing board.
Plaintiffs also seek to obtain correspondence by the Board to the defendant and all other documentation prepared by the Board in regards to the complaints made by the plaintiffs. La.R.S. 37:1110 specifically provides that the record of the testimony and evidence introduced at the hearing may be admissible upon appellate review of the matter. It does not specifically provide for the admissibility of all documentation of the board. However, assuming that the documents are relevant, they are subject to discovery. The plaintiffs have filed a negligence action against the defendant. The licensing board is not a named defendant. The plaintiffs have not suggested how the documents currently in the possession of the board would lead to the discovery of admissible evidence. However, given the fact that the allegations contained in this negligence action are almost identical to some of the allegations made in the complaint to the Board, it is conceivable that some of the requested documents could be relevant to the plaintiffs’ action against the defendant. In this regard, we also note that it is the defendant, not the licensing board, who objects to the production of the requested documents. For these reasons, we conclude that the trial court also erred in quashing the subpoena duces tecum as it relates to the licensing board’s minutes, memorandum and reports on the complaints made by the plaintiffs.
Accordingly, the plaintiffs’ writ application is granted and the trial court’s ruling quashing the subpoena requiring production of the correspondence, minutes, memorandum and reports of the board is reversed. The plaintiffs are granted access to all requested documents.

WRIT GRANTED, JUDGMENT REVERSED.