hPER CURIAM.*
Writ granted. La.R.S. 13:3715.3 was designed to protect the confidentiality of hospital peer review committee records. In pertinent part, section (A)(2) of the statute provides that “all records, notes, data, studies, analyses, exhibits, and proceedings of [a]ny hospital committee ... shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located ...” In Smith v. Lincoln General Hospital, 605 So.2d 1347 (La.1992), this court cautioned against reading the privilege created by La.R.S. 13:3715.3 too broadly, stating as follows:
The reliance of the court of appeal upon La.R.S. 13:3715.3(A) and 44:7(D) is partially misplaced. These provisions are intended to provide confidentiality to the records and proceedings of hospital committees, not to insulate from discovery certain facts merely because they have come under the review of any particular committee. Such an interpretation could cause any fact which a hospital chooses to unilaterally characterize as involving information relied upon by one of the sundry committees formed to regulate and operate the hospital to be barred from an opposing litigant’s discovery regardless of the nature of that information. Such could not have been the intent of the legislature, especially in light of broad scope given to discovery in general. La.C.C.P. art. 1422. Further, privileges, which are in derogation of such broad exchange of facts, are to be strictly interpreted.
⅝ ¾; ⅜ ⅜ ⅜ #
... [W]hen a plaintiff seeks information relevant to his case that is not information regarding the action taken by a committee or its exchange of honest self-critical study but merely factual accountings of other-wisejjjdiseoverable facts, such information is not protected by any privilege as it does not come within the scope of information entitled to that privilege.
Smith v. Lincoln General Hospital, 605 So.2d at 1348.
In the present case, the trial court interpreted La.R.S. 13:3715.3 as protecting from discovery any information passing before a hospital committee or otherwise discussed in a committee meeting. Such a reading of the peer review committee privilege is clearly too expansive in light of our decision in Smith, supra. Therefore, the trial court is ordered to re-examine, in camera if necessary, the discovery requests made by plaintiff to determine whether or not each item of information sought from St. Jude Medical Center is protected by the privilege created in La.R.S. 13:3715.3.
*635 For the foregoing reasons, plaintiff’s application for supervisory writs is granted, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

 Lemmon, J., not on panel. See Rule IV, Part 2, § 3.