CHATELAIN, J.,
concurring and assigning additional reasons.
hFrom the outset, I find it important to remember the context within which this case arose. The plaintiff, Dr. Derrick Dean (Dr. Dean), sued his attorneys, Gachassin Law Firm and Julie Ann Savoy (collective *994 ly GLF), contending that the medical malpractice case brought against him by the minor children of Kenneth Scully (Mr. Scully) should not have been settled. In his legal malpractice action against. GLF, Dr, Lean contended that Mr. Scully died’ of a narcotic overdose, not from any negligent treatment on his part.
. During- his deposition, Dr. Dean gave contradictory -testimony concerning when he learned of Mr, Scully’s narcotic prescription history. Dr. Dean initially stated that he first learned of Mr. Scully’s narcotic prescription history almost a year after Mr. Scully’s death when he accessed Mr-. Scully’s prescription records on the Pharmacy Board’s Prescription Monitoring Program (PMP), Later, he stated he learned of Mr. Scully’s prescription history through the PMP in connection with his examination and treatment of Mr. Scully-well prior to the time he instructed 'GLF to settle the medical malpractice claim against him.
In light of this contradictory testimony, GLF served the Pharmacy Board with a notice of records deposition and subpoena duces tecum, seeking only the date, time and portal location of Dr, Dean’s access of the online database concerning Mr. Scully. At that point, the Pharmacy Board declined to produce the ^requested information, citing La.R.S. 40:1007 which prohibits disclosure of “prescription monitoring information submitted to the board.”
I agree wholeheartedly with the majority opinion and its factually limited resolution of the issue now before us. This adjudication fully comports with like questions regarding the scope of confidential records. See, e.g., Smith v. Lincoln Gen. Hosp., 605 So.2d 1347 (La. 1992) (holding that La. R.S. 18:3715.3(a) and La. R.S: 44:7(D) did not provide a hospital with blanket immunity from responding to discovery requests which did not implicate the- purpose of the legislatively enacted privilege); see also Gauthreaux v. Frank, 95-1033 (La. 6/16/95), 656 So.2d 634; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730; George v. Christus Health Southwestern Louisiana, 16-412 (La.App. 3 Cir. 10/12/16), 203 So.3d 541
However, I further concur, finding additional reasons to support the trial court’s determination to allow GLF’s limited request for information-of Dr. Dean’s portal access to the PMP database. It is clear that La.R.S. 40:1007 equates prescription monitoring information submitted to the board as “protected health - information.” Louisiana Code of Evidence Article 510 recognizes a health care provider-patient privilege[1] relative to confidential medical information and provides in, paragraph (B)(1) this general rule in civil proceedings:
In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.
Is As delineated,'in pertinent part, in La, Code Evid. art, 510(B)(2) (emphasis added):
*995 Exceptions. There is no privilege under this Article in- a non-criminal proceeding as to a communication:
[[Image here]]
(c) When the communication is relevant to an issue of the health condition of the patient ... after the patient’s death, in any proceeding in which a party deriving his right from the patient relies on the patient’s health condition as an element of his claim or defense.
Furthermore, La. Code Evid. art. 510(E) states:
The exceptions to the privilege set forth in Paragraph B(2) shall constitute a waiver of the privilege only as to testimony at trial or to discovery of the privileged communication by one of the discovery methods authorized by Code of Civil Procedure Article 1421 et seq.[.]
Under the specific provisions of La. Civ. Code art. 1422,- it is provided, in pertinent part:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
In the present case, Dr. Dean’s legal malpractice action has made his knowledge of Mr. Scully’s prescription history a-focal point in his legal malpractice claim. As such, I find the limited claim of privilege has been waived and portal access information relative to this patient is discoverable.
Therefore, under the specific facts of this litigation, the relevance of this information for the impeachment'of Dr. Dean’s testimony, and my appreciation that the availability of this information does not impugn the stated purpose of ,the prescription monitoring program, I, too, agree that the trial court properly granted the motion to compel the Louisiana Board of Pharmacy to provide the limited information GLF sought.

. Louisiana Code of Evidence Article 510(D) states:
Who may claim the privilege. In both civil and criminal proceedings) the privilege may be claimed by the patient or by his legal representative. The person who was the physi-cían, psychotherapist, or health care provider or his representatives, at the time of the communication is presumed to have authority to claim the privilege on behalf of the patient or deceased patient.