IN RE: MEDICAL REVIEW          *          NO. 2022-C-0707
PANEL PROCEEDING OF
TRAVIS PORCHE (D), PCF         *
FILE NO. 2021-00615                       COURT OF APPEAL

                               *
                                          FOURTH CIRCUIT

                               *
                                          STATE OF LOUISIANA

                    * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-02412, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rachael D. Johnson)


David Alan Abramson
Beth Abramson
LEWIS, KULLMAN, STERBCOW &ABRAMSON, LLC
601 Poydras Street, Suite 2615
New Orleans, LA 70130

        COUNSEL FOR RELATOR


Bryan J. Knight
Mark E. Kaufman
Niles, Bourque & Knight, LLC
201 St. Charles Avenue, Suite 3700
New Orleans, LA 70170

Guice Anthony Giambrone, III
A. Rebecca Wilmore
BLUE WILLIAMS, LLP
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002

Harry Allan Rosenberg
Maria Nan Alessandra
David D. Haynes, Jr.
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

COUNSEL FOR RESPONDENTS

**WRIT GRANTED;**
**VACATED AND REMANDED**

**DECEMBER 8, 2022**

Relator, Pamela Porche, seeks supervisory review of the district court's September 26, 2022 ruling granting the Motions for Protective Order filed by Dr. Eric Brooks, Nurse Practitioner Sydney Burchfield, and South Louisiana Medical Associates ("SLMA"), Respondents.

On April 4, 2022, Relator filed a Request for Subpoena Duces Tecum ("SDT") and Notice of Deposition for Records Only for SLMA, then the current or immediately former employer of Dr. Brooks and Ms. Burchfield. The SDT and Notice of Deposition for Records Only requested production of documents pertaining to the internal investigation or review of Ms. Burchfield and Dr. Brooks as it pertains to Travis Porche and his treatment; written or recorded statements obtained with respect to the treatment provided by Dr. Brooks and Ms. Burchfield to Travis Porche; disciplinary records, complaints, and internal reviews associated with Dr. Brooks and Ms. Burchfield; and the entire personnel file of Dr. Brooks and Ms. Burchfield.

1

On April 27, 2022, Dr. Brooks and Ms. Burchfield filed a Motion for Protective Order, or In the Alternative, an Order Limiting the Scope of Discovery, arguing that the scope of the request was overly broad and intrusive as to privacy interests because the matter is in the medical review panel stage and because personnel files are primarily used for impeachment purposes. Further, they argued the records sought by Relator are subject to the peer review privilege set forth in La. R.S. 13:3715.3[1] and not subject to disclosure. SLMA filed a similar Motion on April 29, 2022.

Relator filed an opposition to Respondents' Motions on September 8, 2022. Relator complained that Respondents have not identified any documents sought to be produced, which they believe are subject to any privilege, and instead have

---

[1] La. R.S. 13:3715.3 "was designed to protect the confidentiality of hospital peer review committee records." *Gauthreaux v. Frank*, 95-1033, p. 1 (La. 6/16/95), 656 So.2d 634, 634. In pertinent part, section (A)(2) of the statute provides:

> … all records, notes, data, studies, analyses, exhibits, and proceedings of [a]ny hospital committee, the peer review committees of any medical organization, . . . group medical practice of twenty or more physicians, . . . or healthcare provider as defined in R.S. 40:1299.41(A), . . . including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established by the peer review committees of a medical organization . . . , shall he confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located, except in any proceedings affecting the hospital staff privileges of a physician, dentist, psychologist, or podiatrist, the records forming the basis of any decision adverse to the physician, dentist, psychologist, or podiatrist may be obtained by the physician, dentist, psychologist, or podiatrist only. However, no original record or document, which is otherwise discoverable, prepared by any person, other than a member of the peer review committee or the staff of the peer review committee, may be held confidential solely because it is the only copy and is in the possession of a peer review committee.

argued a blanket privilege without identifying specifically those documents to which any privilege attaches. Consequently, Relator maintained that Respondents should be compelled to prepare and produce a privilege log of those documents for an *in camera* inspection by the district court to determine whether the asserted peer review privilege applies to shield the withheld document or any parts, from discovery.

By judgment signed on September 26, 2022, the district court granted Respondents' Motions and issued an order protecting from discovery the documents sought by Relator in her Notice of Deposition for Records Only and the STD issued to SLMA.

Relator raises one assignment of error: the district court erred in granting Respondents' Motions for Protective Order without evidence that the requested documents passed before a peer review committee and without conducting an *in camera* inspection of the documents claimed to be protected by the privilege set forth in La. R.S. 13:3715.3.

The standard of review of a judgment on a motion for protective order is that of abuse of discretion. *Doe v. La. Bd. of Ethics*, 12-1169, p. 2 (La. App. 4 Cir. 3/13/13), 112 So.3d 339, 341. The abuse of discretion standard "is highly deferential, but a district court necessarily abuses its discretion if its ruling is based on an erroneous view of the law." *Id.*

In *Smith v. Lincoln General Hosp.*, the Louisiana Supreme Court addressed the scope of the privilege created by La. R.S. 13:3715.3. The Court stated that the provision was:

> intended to provide confidentiality to the records and proceedings of hospital committees, not to insulate from discovery certain facts merely because they have come under the review of any particular committee. Such an interpretation could cause any fact which a hospital chooses to unilaterally characterize as involving information relied upon by one of the sundry committees formed to regulate and operate the hospital to be barred from an opposing litigant's discovery regardless of the nature of that information.

605 So.2d 1347, 1348 (La. 1992). The Court further stated that:

> when a plaintiff seeks information relevant to his case that is not information regarding the action taken by a committee or its exchange of honest self-critical study but merely factual accountings of otherwise discoverable facts, such information is not protected by any privilege as it does not come within the scope of information entitled to that privilege.

*Id.* The Court remanded the action to the district court to make an *in camera* inspection of the records and determine to what extent they may be discoverable. *Id. See also Gauthreaux v. Frank,* 95-1033 (La. 6/16/95), 656 So.2d 634 (finding that La. R.S. 13:3715.3 does not shield any information passing before a hospital committee or otherwise discussed in a committee meeting as that interpretation was too expansive in light of the *Smith* decision); *Sepulvado v. Bauman*, 99-3326 (La. 12/17/99), 753 So.2d 207 (case remanded to the district court to conduct an *in camera* inspection of all materials requested by plaintiffs on which defendant asserted a peer review privilege).

4

For the foregoing reasons, we grant the writ and vacate the judgment of the district court. We further remand the case to the district court to conduct an *in camera* inspection of all documents requested by relator in the SDT and Notice of Deposition for Records Only on which respondent asserts a peer review privilege, and to determine whether the privilege provided under La. R.S. 13:3715.3 applies to shield the withheld documents or any parts, from discovery.

**WRIT GRANTED;**
**VACATED AND REMANDED**