| | |
|---|---|
| LOUISE FREDERICK, ET AL | NO. 24-C-526  C/W |
| | 24-C-528 |
| VERSUS | |
| | FIFTH CIRCUIT |
| ST. CHARLES SURGICAL HOSPITAL, LLC, ET AL | |
| | COURT OF APPEAL |
| C/W | |
| | STATE OF LOUISIANA |
| LOUISE FREDERICK WIFE OF/AND STEVEN FREDERICK | |
| VERSUS | |
| ST. CHARLES SURGICAL HOSPITAL, LLC, ET AL | |

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 807-181, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

December 23, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel

<u>**WRIT GRANTED IN PART**</u>
 **JJM**
 **JGG**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
THE AMERICAN BOARD OF ORTHOPAEDIC SURGERY
 Melissa M. Lessell
 Casey B. Wendling

COUNSEL FOR DEFENDANT/RELATOR,
ALEXIS WAGUESPACK, MD
 Bryan J. Knight
 Mark E. Kaufman

COUNSEL FOR PLAINTIFF/RESPONDENT,
STEVEN FREDERICK AND LOUISE FREDERICK
 Thomas C. Wicker, IV
 Vincent E. Odom
 T. Carey Wicker, III
 Michael S. Sepcich
 Davida F. Packer

**MOLAISON, J.**

The American Board of Orthopaedic Surgery ("ABOS") and Alexis Waguespack, M.D., seek a review of the October 7, 2024 trial court judgment that ordered ABOS to produce all documents listed in ABOS' "privilege log" to the plaintiffs. We grant this writ application in part for the following reasons.

**PROCEDURAL HISTORY**

This writ stems from a suit filed by the plaintiffs against Dr. Waguespack, a board-certified orthopaedic surgeon, alleging that Dr. Waguespack committed medical malpractice in her treatment of Mr. Frederick. The plaintiffs issued a subpoena duces tecum to ABOS, which is not a party to the lawsuit, requesting its file on Dr. Waguespack. ABOS and Dr. Waguespack filed motions for protective orders in response to the subpoena. After an in-camera inspection, the trial judge ordered the production of the ABOS file, except for the ABOS "Diplomate Database notes." These timely writ applications followed. [1]

**LAW AND DISCUSSION**

According to the writ applications, ABOS is an organization established to maintain standards for the competence and education of board-certified orthopaedic surgeons. As part of the board certification process, ABOS reviews the credentials and practices of voluntary candidates for board certification and issues certificates to physicians who meet the criteria established by ABOS. ABOS explains that to assess a physician's competence, it utilizes a peer-review process. As part of this process, an orthopaedic surgeon seeking certification or recertification must produce a list of names and email addresses of practice partners, hospital chiefs of various departments, and other orthopaedic surgeons familiar with the applicant's practice. ABOS emails a peer-review survey to each

---

[1] Dr. Waguespack's writ application seeking review of the October 7, 2024 judgment is consolidated with the instant writ application.

of those listed, asking for feedback regarding the surgeon's patient-care skills, surgical skills, behavior, and communication. This process includes secondary screenings and confidential interviews. The ABOS Credentials Committee receives this information. ABOS requires the applicants to sign an agreement stating that they will never request to see these surveys.

On June 27, 2024, the plaintiffs served a notice of records deposition on ABOS, requesting:

> 1. Any and all documentation, electronically stored or otherwise, or correspondence and attachments thereto between the American Board of Orthopaedic Surgery and Alexis Waguespack, M.D., for the dates of January 1, 2014 until the present.
>
> 2. Any and all documentation, electronically stored or otherwise, in connection with Alexis Waguespack, M.D.'s board certification status with the American Board of Orthopaedic Surgery.
>
> 3. Any and all documentation, electronically stored or otherwise, pertaining to the certification and/or recertification of Alexis Waguespack, M.D.

In this writ application, the relators argue that the documents requested by the plaintiffs are protected by Louisiana R.S. 13:3715.3, which provides in section (A)(2):

> ... all records, notes, data, studies, analyses, exhibits, and proceedings of [ a ]ny hospital committee, the peer review committees of any medical organization, ... group medical practice of twenty or more physicians, ... or healthcare provider as defined in R.S. 40: 1299.41 (A), ... including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established by the peer review committees of a medical organization ... , shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located, except in any proceedings affecting the hospital staff privileges of a physician, dentist, psychologist, or podiatrist, the records forming the basis of any decision adverse to the physician, dentist, psychologist, or podiatrist may be obtained by the physician, dentist, psychologist, or podiatrist only.

The Louisiana Supreme Court has recognized that R.S. 13:3715.3 does not provide a blanket privilege to all peer review committee documents, explaining we must balance the protection under the statute with the broad scope of discovery under La. C.C.P. art. 1422. In *Smith v. Lincoln Gen. Hosp.*, 605 So.2d 1347, 1348 (La. 1992), the Louisiana Supreme Court addressed the scope of the privilege created by La. R.S. 13:3715.3, stating the legislature intended to provide confidentiality to the records and proceedings of hospital committees, not to insulate from discovery specific facts merely because they have come under the review of any particular committee. The Court held that privileges, which are in derogation of such broad discovery rules, are to be strictly interpreted, noting that the statute's intent is "not to insulate from discovery certain facts merely because they have come under the review of any particular committee." *Id.* The Court has continued to instruct that courts should not interpret R.S. 13:3715.3 too broadly and has remanded matters for an in-camera inspection to determine whether or not the privilege created by the statute protects each item of information sought from the medical defendant. See, *Sepulvado v. Bauman*, 99-3326 (La. 12/17/99), 753 So. 2d 207, and *Gauthreaux v. Frank*, 95-1033 (La. 6/16/95), 656 So. 2d 634, 634.

In *Gauthreaux,* the Court stated, "[i]n the present case, the trial court interpreted R.S.13:3715.3 as protecting from discovery any information passing before a hospital committee or otherwise discussed in a committee meeting. Such a reading of the peer review committee privilege is clearly too expansive in light of our decision in Smith ..." and instructed the trial court to re-examine, in-camera, if necessary, the discovery requests made by the plaintiff to determine whether or not the privilege created by the statute protects each item of information sought from the medical center defendant. The Court repeated these instructions in *Sepulvado*, where the Court, citing *Smith*, remanded the case to the trial court with instructions to conduct an in-camera inspection of all materials requested by the plaintiffs,

which the defendants claimed are protected under the statutory privilege. We construe immunity statutes strictly against the party claiming immunity, and we construe any doubts against the application of immunity based on a specific set of facts. *Tebault v. E. Jefferson Gen. Hosp.*, 18-539 (La. App. 5 Cir. 3/25/19), *writ denied*, 19-0641 (La. 6/17/19), 273 So.3d 1211.

In *Fields v. Ochsner Med. Ctr., Kenner, LLC*, 22-64 (La. App. 5 Cir. 5/11/22), this Court ordered an in-camera review to ensure the appropriate application of the privilege claim for each claim.

In the case before us, the trial court performed an in-camera inspection and found that none of the documents, except the "ABOS Diplomate Database Notes, are protected by the peer-review privilege provided by La. R.S. 13:37 15.3." A trial court's ruling regarding applying a statutory privilege after an in-camera inspection involves a question of law and is subject to *de novo* review. *Talley v. Louisiana Dept. of Transportation and Development*, 22-983 (La. App. 1 Cir. 2/24/23), 361 So.3d 1041, 1050, *writ denied*, 23-557 (La. 6/7/23), 361 So.3d 976. We will review the trial court's October 7, 2024 judgment *de novo*.

ABOS filed the documents at issue in this Court under seal along with their writ application. Our review of these documents indicates that some of these documents are protected by La. R.S. 13:3715.3 because they are internal documents produced and maintained by ABOS in connection with its peer review process regarding Dr. Waguespack's board certification and recertification process. These documents, page numbers 8-21, 29-35, 42, 50-58, are protected because they consist of "... records, notes, data, studies, analyses, exhibits, and proceedings" of the peer review process under the language of R.S. 13:3715.3. These records regarding Dr. Waguespack relate to the ABOS peer review committee's analysis and conclusions regarding her certification. Because these requested documents are

privileged, they are protected from disclosure and are not discoverable by the plaintiffs in this litigation.

However, certain documents in the sealed documents are not privileged because they merely contain factual information that is discoverable. These include Dr. Waguespack's applications for board certification, numbered pages 1-7, 38-41, and 46-49.[2] In addition, the letters sent to Dr. Waguespack from ABOS, pages 22, 28, 36, 37, 43-45, and 59-62, are not privileged because ABOS waived any privilege that protected these letters from discovery when mailing the letters to Dr. Waguespack; under her agreement with ABOS and Louisiana R.S. 13:3715.3, Dr. Waguespack is not entitled to any information or data obtained by ABOS. As such, these letters merely contain factual information which is discoverable.

## CONCLUSION

For the preceding reasons, we grant this writ application in part and amend the trial court's October 7, 2024 judgment to exclude pages 8-21, 29-35, 42, 50-58 of the documents filed under seal in this Court from discovery.

**WRIT GRANTED IN PART**

---

[2] In response to questions from the panel during oral argument before this Court, counsel for ABOS conceded that Dr. Waguespack's applications for board certification are not protected under La. R.S. 13:3715.3.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 23, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 24-C-526
**C/W 24-C-528**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
MELISSA M. LESSELL (RELATOR)          MARK E. KAUFMAN (RESPONDENT)          MICHAEL S. SEPCICH (RESPONDENT)
T. CAREY WICKER, III (RESPONDENT)     THOMAS C. WICKER, IV (RESPONDENT)     VINCENT E. ODOM (RESPONDENT)

**MAILED**
SEAN M. CASEY (RESPONDENT)            DAVIDA F. PACKER (RESPONDENT)         BRYAN J. KNIGHT (RESPONDENT)
ATTORNEY AT LAW                       ATTORNEY AT LAW                       ATTORNEY AT LAW
1 SANCTUARY BOUELVARD                 1100 POYDRAS STREET                   201 ST. CHARLES AVENUE
SUITE 202                             SUITE 2950                            SUITE 3700
MANDEVILLE, LA 70471                  NEW ORLEANS, LA 70163                 NEW ORLEANS, LA 70170

CASEY B. WENDLING (RELATOR)
ATTORNEY AT LAW
755 MAGAZINE STREET
NEW ORLEANS, LA 70130