| IN RE: MEDICAL REVIEW | * | NO. 2024-C-0792 |
|---|---|---|
| PANEL PROCEEDINGS OF | | |
| TRAVIS PORCHE (D); PCF | * | COURT OF APPEAL |
| FILE NO. 2021-00615 | | |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-02412, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Karen K. Herman)

**DYSART, J., CONCURS IN RESULT**
**HERMAN, J., CONCURS IN RESULT**

David A. Abramson
Beth E. Abramson
LEWIS, KULLMAN, STERCOW & ABRAMSON, LLC
601 Poydras Street, Suite 2615
New Orleans, LA 70130

    COUNSEL FOR RELATOR/PLAINTIFF

Bryan J. Knight
Mark E. Kaufman
NILES, BOURGUE, & KNIGHT, L.L.C.
201 St. Charles Ave., Suite 3700
New Orleans, LA 70170

    COUNSEL FOR DEFENDANT/RELATOR

Guice A. Giambrone, III
A. Rebecca Wilmore
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002

    COUNSEL FOR RESPONDENT/DEFENDANT

**WRIT GRANTED IN PART;**
**WRIT DENIED IN PART**
**JUNE 2, 2025**

This writ application arises from a medical malpractice action filed by Relator, Pamela Porche ("Ms. Porche"), against Respondents—Nurse Practitioner Sydney Burchfield ("NP Burchfield") and Dr. Eric Brooks ("Dr. Brooks")—and the Ochsner Leonard J. Chabert Medical Center ("LJCMC"), arising out of the death of Ms. Porche's thirty-five year old son, Travis Porche ("Travis"). Ms. Porche seeks supervisory writ review of the district court's November 13, 2024 judgment regarding the discovery of documents produced for *in camera inspection*. Ms. Porche seeks review of that portion of the judgment which found that all documents produced by NP Burchfield, with the exception of bates-stamped 9-22 documents ("narrative summary"), and all documents produced by Dr. Brooks and South Louisiana Medical Center ("SLMA"), in its capacity as NP Burchfield's and Dr. Brooks' employer, were not discoverable pursuant to the peer review privilege. For the reasons that follow, we grant the writ in part and deny in part.

**FACTUAL AND PROCEDURAL HISTORY**

Ms. Porche transported Travis to LJCMC's emergency room on January 18, 2021, "for back pain radiating down his legs causing lower leg weakness, and a third recheck of his lungs due to previous pneumonia." Ms. Porche represents that NP Burchfield cared for Travis under the supervision of her husband, Dr. Brooks. Travis allegedly became agitated and wanted to leave because of improper treatment. Rather than allowing her son to leave, Ms. Porche claims that NP Burchfield and/or Dr. Brooks ordered that Travis be restrained and sedated. Multiple security guards and staff members restrained Travis. Ms. Porche believes

1

the medications administered to Travis caused cardiac arrest which triggered anoxic brain injury, and ultimately, resulted in his death.

Ms. Porche filed a Request for Medical Review Panel on August 9, 2021, contending that NP Burchfield, Dr. Brooks, and LJCMC deviated from the standard of care in their treatment and care of Travis. To facilitate discovery, Ms. Porche filed a Petition to Institute Discovery, which was lodged in the district court on March 21, 2022.

Prior to the present matter, this Court reviewed a related discovery dispute pertinent to the issues raised herein in *In re Porche*, 2022-0707 (La. App. 4 Cir. 12/8/22), 353 So.3d 382 ("*Porche I*"). The relevant facts summarized in *Porche I*, provided as follows:

> On April 4, 2022, [Plaintiff] filed a Request for Subpoena Duces Tecum ("SDT") and Notice of Deposition for Records Only for SLMA [South Louisiana Medical Associates], then the current or immediately former employer of Dr. Brooks and Ms. Burchfield. The SDT and Notice of Deposition for Records Only requested production of documents pertaining to the internal investigation or review of Ms. Burchfield and Dr. Brooks as it pertains to Travis Porche and his treatment; written or recorded statements obtained with respect to the treatment provided by Dr. Brooks and Ms. Burchfield to Travis Porche; disciplinary records, complaints, and internal reviews associated with Dr. Brooks and Ms. Burchfield; and the entire personnel file of Dr. Brooks and Ms. Burchfield.
>
> On April 27, 2022, Dr. Brooks and Ms. Burchfield filed a Motion for Protective Order, or In the Alternative, an Order Limiting the Scope of Discovery, arguing that the scope of the request was overly broad and intrusive as to privacy interests because the matter is in the medical review panel stage and because personnel files are primarily used for impeachment purposes. Further, they argued the records sought by [Plaintiff] are subject to the peer review privilege set forth in La. R.S. 13:3715.3[] and not subject to disclosure. SLMA filed a similar Motion on April 29, 2022.
>
> [Plaintiff] filed an opposition to [the] Motions on September 8, 2022. [Plaintiff] complained that [Dr. Brooks, Ms. Burchfield and SLMA] have not identified any documents sought to be produced, which they believe are subject to any privilege, and instead have argued a blanket privilege without identifying specifically those documents to which

2

any privilege attaches. Consequently, [Plaintiff] maintained that [Dr. Brooks, Ms. Burchfield and SLMA] should be compelled to prepare and produce a privilege log of those documents for an *in camera* inspection by the district court to determine whether the asserted peer review privilege applies to shield the withheld document.

By judgment signed on September 26, 2022, the district court granted [Dr. Brooks, Ms. Burchfield and SLMA's] Motions and issued an order protecting from discovery the documents sought by [Plaintiff] in her Notice of Deposition for Records Only and the STD issued to SLMA.

2022-0707, pp. 1-3, 353 So.3d at 383-384.

At issue in *Porche I* was the applicability of La. R.S. 13:3715.3, the peer review statute, the statute "designed to protect the confidentiality of hospital peer review committee records." *See Gautreaux v. Frank*, 1995-1033, p. 1 (La. 6/16/95), 656 So.2d 634. Ms. Porche argued the district court erred in granting the Motions for Protective Order from NP Burchfield, Dr. Brooks, and SLMA without evidence that the requested documents passed before a peer review committee and without conducting an *in camera* inspection to determine if the documents were subject to the statute's peer review privilege. *Porche*, 2022-0707, p. 3, 353 So.3d at 384. Upon review, this Court granted Ms. Porche's writ application, vacated the judgment, and remanded to the district court for an *in camera* inspection to ascertain the documents subject to the peer review privilege. *Porche*, 2022-0707, p. 5, 353 So.3d at 385.

After remand, Ms. Porche filed a motion to compel. The motion to compel requested that NP Burchfield, Dr. Brooks, and SLMA be compelled to produce a "privilege log" to describe the nature of the documents over which they asserted a privilege. On May 12, 2023, the district court denied the motion to compel. However, the district court, in accordance with *Porche I*, ordered that NP

3

Burchfield, Dr. Brooks, and SLMA produce the actual documents for an *in camera* inspection.

Thereafter, NP Burchfield, Dr. Brooks, and SLMA produced the withheld documents for *in camera* inspection. The attorneys for NP Burchfield and Dr. Brooks also submitted cover letters to the district court delineating the privilege(s) assigned to each document. After submission of the documents, Ms. Porche filed a second motion to compel the production of the privilege log letters.

The district court conducted a hearing on Ms. Porche's second motion to compel. It subsequently issued a "Judgment and Reasons" on October 11, 2024, outlining the documents to be produced and the documents designated as privileged pursuant to its *in camera* inspection. The parties expressed concern regarding the scope of the October 11, 2024 judgment; and on November 13, 2024, the district court issued a "clarifying judgment." The judgment provided, in part, that

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:
>
> Sydney Burchfield, NP is to produce to Claimant those documents turned over to the Court for *in camera* inspection that are bates stamped 9-22 ["narrative summary"];
>
> The remaining documents that were produced for *in camera* inspection by Sydney Burchfield, NP, are protected under the "peer review" statute, La. R.S. 13:3715.3, and are not discoverable;
>
> All documents that were produced for *in camera* inspection by Eric Brooks, M.D. are protected under the "peer review" statute La. R.S. 13: 3715.3 and are not discoverable.
>
> All documents that were produced for *in camera* inspection by South Louisiana Medical Associates are protected under the "peer review" statute, La. R.S. 13:3715.3 and are not discoverable.
>
> Counsel for Sydney Burchfield, NP is to reproduce his letter to the Court only of May 24, 2023, in the form of a pleading as a "privilege

4

log," which he can file under seal with the Court, but which the Court is ordering be produced to Claimant;

Counsel for Eric Brooks, M.D. is to reproduce her letter to the Court only of May 26, 2023, in the form of a pleading as a "privilege log," which she can file under seal with the Court, but which the Court is ordering be produced to Claimant;

Subsequent to the judgment, Ms. Porche timely filed notice of intent to seek review of the district court's judgment.[1]

## ASSIGNMENTS OF ERROR

Ms. Porche's collective assignments of error contend the district court erred in finding that the documents produced by NP Burchfield, Dr. Brooks, and SLMA were all subject to the peer review privilege of La. R.S. 13:3751.3, with the exception of NP Burchfield's narrative summary.

## STANDARD OF REVIEW

A trial court's regulation of pre-trial discovery is afforded broad discretion and will not be reversed by an appellate court in the absence of a clear abuse of discretion. *Hendricks v. Wells Fargo Ins.*, 2021-0109, p. 4-5 (La. App. 4 Cir. 10/27/21) ("*Hendricks I*"), 366 So.3d 376, 379 (citing *Channelside Services., LLC v. Chrysochoos Group, Inc.*, 2015-0064, p. 8 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 756) (citing *Sercovich v. Sercovich*, 2011-1780, p. 5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603)); *See also*, *Beasley v. Cannizzaro*, 2018-0520, p. 3 (La. App. 4 Cir. 11/21/18), 259 So.3d 633, 636, citing *Kimpton Hotel & Restaurant Group, Inc. v. Liberty Mut. Fire Ins. Co.*, 2007-1118, 2007-1209, 2007-1310, p. 7 (La. App. 4 Cir. 12/19/07), 974 So.2d 72, 77 ("reviewing the trial court's determination that materials are not privileged and protected by the work product doctrine under

---

[1] NP Burchfield (2024-C-0791) and Dr. Brooks (2024-C-0795) also filed writ applications arising out of the same November 13, 2024 judgment.

an abuse of discretion"). This standard of review "is highly deferential to the trial judge's determination under consideration," but "a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law." *Boudreaux v. Bollinger Shipyard*, 2015-1345, p. 16 (La. App. 4 Cir. 6/22/16), 197 So.3d 761, 771 (citations omitted). As such, if "an appellate court finds [that] the trial court made a reversible error of law, it is required, whenever the state of the record on appeal so allows, to redetermine the facts *de novo* from the entire record and render a judgment on the merits." *Green v. Canal Ins. Co.*, 2022-0384, p. 4 (La. App. 4 Cir. 11/14/22), 352 So.3d 99, 102 (citing *Hendricks v. Wells Fargo Ins.,* 2021-0552, p. 4 La. App. 4 Cir. 3/9/22, 336 So.3d 643, 646 ("*Hendricks II*"), quoting *Laboriel-Pitio v. Latiker*, p. 15 (La. App. 4 Cir. 6/16/21), 323 So.3d 929, 938) (citations omitted).

Established jurisprudence provides that discovery statutes are to be liberally and broadly construed to achieve their intended objectives. *Stolzle v. Safety & Systems Assur. Consultants, Inc.*, 2002-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289, citing *Hodges v. Southern Farm Bureau Cas. Ins. Co.,* 433 So.2d 125 (La. 1983). During the discovery process, parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…" La. C. C.P. art. 1422. "La. Code of Evidence article art. 401 defines 'Relevant evidence' as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Qurashi v. Rosenow*, 2022-0424, p. 8 (La. App. 4 Cir. 12/29/22), 367 So.3d 730, 735, quoting La. C.E. art. 401. "The discoverability test

under La. C.C.P. art. 1422, entails first asking whether answering the discovery is feasible and practicable. If that answer is in the affirmative, then the court determines whether an answer to the discovery would 'expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence.'" *Indus. Pipe, Inc. v. Plaquemines Par. Council*, 2012-1348, p. 8 (La. App. 4 Cir. 9/14/12), 100 So.3d 896, 901, citing *MTU of N. Am., Inc. v. Raven Marine, Inc.,* 475 So.2d 1063, 1067 (La.1985). Thus, "[t]he test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Cloud v. Gibson*, 2022-0316, p. 4 (La. App. 4 Cir. 7/6/22), 344 So.3d 253, 256, citing *Sercovich v. Sercovich*, 2011-1780, pp. 4-5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603 (citation omitted).

**Applicability of La. R.S. 13:3715.3/Peer Review Privilege**

The Louisiana Supreme Court has defined "peer review" as "the process by which physicians, hospitals and other health care providers review the performance of other physicians and, when warranted, discipline the reviewed physician for incompetence or unprofessional conduct." *Driscoll v. Stucker*, 2004-0589, p. 16 (La. 1/19/05), 893 So.2d 32, 45, citing *Smith v. Our Lady of the Lake Hospital, Inc.,* 1993-2512 (La. 7/5/94), 639 So.2d 730, 735, n. 2. As referenced, one of the statute's purposes is to protect the confidentiality of the peer review process and hospital records generated by the process. *See Gauthreaux*, 1995-1033, p. 1, 656 So. 2d at 634. The statute, in pertinent part, provides:

> A. Notwithstanding the provisions of R.S. 44:7(D) or any other law to the contrary, all records, notes, data, studies, analyses, exhibits, and proceedings of:

(1) Any public hospital committee, medical organization peer review committee, any nationally recognized improvement agency or commission, including but not limited to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), or any committee or agency thereof, or any healthcare licensure agency of the Louisiana Department of Health, public hospital board while conducting peer reviews, dental association peer review committee, professional nursing association peer review committee, extended care facility committee, nursing home association peer review committee, peer review committee of a group medical practice of twenty or more physicians, peer review committee of a freestanding surgical center licensed pursuant to R.S. 40:2131 et seq., or health maintenance organization peer review committee, including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, **any committee determining a root cause analysis of a sentinel event**, established under the bylaws, rules, or regulations of such organization or institution, or

(2) Any hospital committee, the peer review committees of any medical organization, dental association, professional nursing association, nursing home association, social workers association, group medical practice of twenty or more physicians, nursing home, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, any nationally recognized improvement agency or commission, including but not limited to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), or any committee or agency thereof, or any healthcare licensure agency of the Louisiana Department of Health, or healthcare provider as defined in R.S. 40:1299.41(A), or extended care facility committee, including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established by the peer review committees of a medical organization, dental organization, group medical practice of twenty or more physicians, social workers association, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, or healthcare provider as defined in R.S. 40:1299.41(A), or private hospital licensed under the provisions of R.S. 40:2100 et seq., **shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located**, except in any proceedings affecting the hospital staff privileges of a physician, dentist, psychologist, or podiatrist, the records forming the basis of any decision adverse to the physician, dentist, psychologist, or podiatrist may be obtained by the physician, dentist,

8

psychologist, or podiatrist only. However, no original record or document, which is otherwise discoverable, prepared by any person, other than a member of the peer review committee or the staff of the peer review committee, may be held confidential solely because it is the only copy and is in the possession of a peer review committee. **(Emphasis added)**.

Nonetheless, the judiciary has been cautioned against interpreting the privilege created by La. R.S. 13:3715.3 too broadly. In *Smith v. Lincoln General Hospital*, 605 So.2d 1347, 1348 (La. 1992), the Court stated:

> These provisions are intended to provide confidentiality to the records and proceedings of hospital committees, not to insulate from discovery certain facts merely because they have come under the review of any particular committee. Such an interpretation could cause any fact which a hospital chooses to unilaterally characterize as involving information relied upon by one of the sundry committees formed to regulate and operate the hospital to be barred from an opposing litigant's discovery regardless of the nature of that information. Such could not have been the intent of the legislature, especially in light of broad scope given to discovery in general. La. C.C.P. art. 1422. Further, privileges, which are in derogation of such broad exchange of facts, are to be strictly interpreted.

Moreover, relevant information sought by a plaintiff that seeks merely factual accountings of otherwise discoverable facts—and not information regarding actions taken by a peer review committee or its exchange of honest self-critical study—does not come within the scope of information protected by the peer review privilege. *Smith*, 605 So.2d at 1348. Instead, the Court opined that it is "evidence of policy making, remedial action, proposed courses of conduct, and self-critical analysis which the privilege seeks to protect in order to foster the ability of hospitals to regulate themselves unhindered by outside scrutiny and unconcerned about the possible liability ramifications their discussions might bring about." *Id*.

In the present matter, Ms. Porche argues the district court erred in finding that all the documents produced for *in camera* inspection by Dr. Brooks, SLMA, and NP Burchfield, with the exception of NP Burchfield's narrative summary, were protected under La. R.S. 13:3715.3 and not discoverable. She suggests the peer review statute is not implicated unless the documents passed before a peer review committee. Notwithstanding, in the event the documents were presented before a peer review committee, Ms. Porche claims the district court erred in not ordering the production of those documents that contained factual accountings or otherwise discoverable facts. Additionally, Ms. Porche alleges error based on the district court's failure to provide reasons for its judgment.

In opposition, NP Burchfield asserts that the district court did not err because the documents she produced were expressly protected by the peer review privilege. She specifies that the documents sought from her are non-discoverable records of an investigation into a "sentinel event"—Ms. Porche's medical malpractice complaint—compiled by her employer to evaluate her job performance. Accordingly, she maintains all of the documents sought are privileged. NP Burchfield additionally argues that Ms. Porche's attempt to request reasons for judgment from the district court is not timely inasmuch as no request for judgment was made within ten days of the signed judgment pursuant to La. C.C.P. art. 1917(A).[2]

Dr. Brooks' opposition also raises similar issues. He likewise contends that all of the documents submitted on his behalf are shielded from discovery under the peer review statute. Dr. Brooks insists that Ms. Porche has made no showing that

_____

[2] La. C.C.P. art. 1917(A), requires that "the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment.

she simply seeks factual information excluded from the peer review privilege which might be relevant to her case.

SLMA, a non-party to the writ applications, essentially adopts NP Burchfield's and Dr. Brooks' opposition. SLMA asserts the documents sought by Ms. Porche go beyond the scope of otherwise discoverable facts and seek information La. R.S: 13:3715.3 shields from discovery.

Upon review, the district court ruled that all documents produced for *in camera* inspection by SLMA are protected under the "peer review" statute and are not discoverable. However, closer scrutiny reveals some of the documents produced by SLMA, specifically those bates labeled, SLMA-00041-00048; SLMA-00050; SLMA-0053-00132; and SLMA-00142-SLMA-00147, are purely personnel documents. As discussed in *Smith*, 605 So.2d at 1348, these type documents of otherwise discoverable facts are not protected from disclosure under the peer review statute. Therefore, we grant Ms. Porche's writ application as to those enumerated personnel documents and order their production. Namely, these documents include SLMA-00041-00048; SLMA-00050; SLMA-0053-00132; and SLMA-00142-SLMA-00147. Nevertheless, SLMA may redact from those documents the strictly personal and confidential information of NP Burchfield and/or Dr. Brooks, such as, social security numbers and bank account numbers, that are not relevant to these proceedings and do not require disclosure.

However, our review of the remaining documents supports the district court judgment to prohibit discovery pursuant to the peer review privilege. All the documents at issue pertain to information regarding the action taken by the hospital's peer review committee or its exchange of honest self-critical study. They encapsulate more than just merely factual accountings of

11

otherwise discoverable facts; consequently, these documents come within the scope of information protected by the peer review privilege. *See Gauthreaux*, 1995-1033, pp. 1-2, 656 So.2d at 634, citing *Smith*, 605 So.2d at 1348.

Accordingly, based on the foregoing reasons, we grant Ms. Porche's writ application, in part, finding the trial court erred in prohibiting the production of the SLMA designated strictly personnel records of NP Burchfield and Dr. Brooks. However, the writ is denied as to Ms. Porche's claim that the remaining non-personnel records and documents submitted by NP Burchfield, Dr. Brooks, and SLMA for *in camera* inspection are not discoverable pursuant to La. R.S. 13:3715.5, the peer review statute.

**WRIT GRANTED IN PART;**
**DENIED IN PART**